H. BIRDSALL, SON & CO., PLAINTIFFS IN ERROR, V. J. M. CARTER, ET AL., DEFENDANTS IN ERROR.

1. **Error:** ASSIGNMENT OF. In a petition in error an assignment in these words, "That the said court erred in the instructions given to the jury in the trial of the said cause," is too indefinite to be considered, unless the entire charge be erroneous. And the same is true of like assignments as to the admission or rejection of evidence.

2. ————: REFUSAL TO INSTRUCT. It is not error to refuse an instruction as to a rule of damages rendered inapplicable by an erroneous exclusion of evidence.

3. ————: FORM OF VERDICT. Error does not lie upon the refusal of the court to give to the jury on their retirement forms of verdict, although suitable, requested by counsel.

4. ————: OCCURRING ON TRIAL: REVIEW. The rule of practice as to reviewing questions occurring during the trial of a cause by petition in error is, that it must have been first presented to the trial court by motion for a new trial.

5. **Warranty of Goods Sold:** DAMAGES FOR BREACH OF, WHEN NOT RETURNED. When goods are sold with warranty as to quality, and are found to be defective, if the purchaser retain them, the measure of his damage is, the difference between their value with the defect warranted against, and the value which they would have borne without that defect.

ERROR to the district court of Cass county. The action was founded on two promissory notes. Defense, that notes were given in consideration of a threshing machine which the plaintiffs sold and delivered to defendants, with certain warranties accompanying the sale, etc.; that the machine did not work as warranted, whereby defendants were damaged, etc. Trial below before POUND, J., and a jury, resulted in a verdict for defendants, and plaintiffs brought the case up upon a petition in error.

*Wheeler & Stone*, for plaintiffs in error.

*T. M. Marquett* and *George S. Smith*, for defendants in error.

LAKE, J.

The *first* error assigned goes to the instructions given to the jury. The assignment is in these words, viz.: "That the said court erred in the instructions given to the jury in the trial of the said cause." We have frequently held that assignments similar to this were too indefinite to be considered. And recently, in the case of *Tagg v. Miller*, 10 Neb., 442, it is said that "If the whole charge were bad, such general assignment would be sufficient; but not being so, the particular portions complained of should have been distinctly pointed out." That rule is applicable to this assignment.

The *second* error complained of is the refusal of the court "to give the instructions which the said H. Birdsall, Son & Co. prayed the said court to give." The instructions requested, and so refused, were two, one of which stated a rule for the estimation of damages in case the jury found a breach of warranty by the defendant, and the other the form of verdict for a finding in favor of each of the parties. The proposed rule of damages, abstractly considered, is not objectionable, but, by reason of the erroneous exclusion of certain testimony offered by the plaintiff, was rendered inapplicable. The instruction offered as to the form of verdict, although quite suitable to the issues upon which the jury were to pass, was not at all essential to the plaintiff's rights. Whether this information should be given was entirely discretionary with the trial judge. The verdict, if merely informal, could be corrected on the return of the jury into court with their findings.

The *third* point made by the petition in error, "That the said court erred in admitting the evidence of James

Gilmore, to which the plaintiff objected," while probably referring to an actual error in the admission of testimony, cannot be here considered, for the reason that it was not mentioned in the motion for a new trial. The rule of practice which we have uniformly applied in such cases is, that the particular error must have been presented to the trial court for correction before it can be made the subject of review. The *fourth* and *eighth* assignments of error, one relating to the admission of certain evidence against the plaintiff's objection, and the other to the rejection of a portion of that offered by him, must share the same fate, and for the same reason.

The fifth assignment is, "That the court erred in rejecting the evidence offered by the plaintiff." This is untrue in fact, for the record shows that nearly all the testimony offered by the plaintiff was admitted. But if the intention was to refer to some particular items ruled from the jury, then the assignment is bad for being indefinite. An assignment so general will not be considered unless all the evidence excluded ought to have been admitted, which is not the case here.

The *sixth* assignment is the only one that can be sustained. It is, "That the said court erred in rejecting the evidence of R. G. Doom." Under the rule just stated this one can be considered. The testimony thus referred to as having been excluded was to the effect, that by the outlay of a reasonable sum of money—about one hundred dollars—all the defects in the machine complained of could have been remedied. This testimony, in view of that already before the jury, was certainly proper. Here was a machine, of the estimated value, when sold to the defendants, of over seven hundred dollars. They used it, as they say, about six weeks, and then abandoned it to the action

Birdsall v. Carter.

of the weather on the farm of a Mr. Foltz, where what remained of it still was at the time of the trial.

When the defendants found that the machine did not answer the requirements of the warranty, two courses were open to them, either one of which they were at liberty to take. They could either return it and recover what had been paid of the consideration, or keep it and recover damages caused by the breach of the warranty. They seem to have chosen the latter course, whereby it became necessary on the trial to ascertain as nearly as possible what those damages were. The purchaser had a right to expect and to require the article to be in all respects what the contract called for, or in other words, such as it was guaranteed to be. They could neither exact a better, nor be compelled to accept a poorer. But having chosen to retain it, so that it has become wholly lost to the sellers, if it were in any essential particular defective when they received it, they were damaged in an amount equal to the difference between the value of the machine as it was and as it should have been. 2. Parsons on Contracts, 487.

In Woods' Mayne on Damages, section 224, the rule is stated thus: "When the article has not been returned, the measure of damages will be the difference between its value, with the defect warranted against, and the value which it would have borne without that defect."

It seems to us a very just proposition that, if the machine could have been made equal to the warranty by the expenditure of one hundred dollars, the defendants had no right to abandon it, declare it worthless, and throw the entire loss upon the plaintiffs. To do this would be the rankest injustice.

The *seventh* assignment, that the "court erred in rejecting the evidence of skilled mechanics," cannot be

sustained. It is indefinite, and besides the record fails to disclose that any such evidence was before the court.

The question as to whether the finding of the jury is supported by the evidence is alluded to by counsel in their briefs. This question, although made in the motion for a new trial, is not mentioned in the petition in error. Neither is the overruling of the motion for a new trial assigned for error. Therefore, we cannot enter upon an inquiry as to the sufficiency of the evidence to support the verdict.

For the error in excluding the proposed testimony of the witness Doom, the judgment is reversed, and a new trial awarded.

REVERSED AND REMANDED.