DEODE SMITH, PLAINTIFF IN ERROR, v. J. W. EVANS AND OTHERS, DEFENDANTS IN ERROR.

1.  **Verdict Without Evidence.** Evidence examined and found insufficient to support the verdict, a new trial is ordered.

2.  **Instructions.** Where an instruction, though correct as an abstract proposition of law, submits to the jury a question not in issue, and has a tendency to mislead, it is good ground for the reversal of the judgment. Rule applied.

ERROR to the district court for Saline county. Tried below before WEAVER, J.

*Hastings & McGintie* and *M. B. C. True,* for plaintiff in error.

*E. S. Abbott,* for defendants in error.

LAKE, CH. J.

There are several errors shown by the record in this case which call for a reversal of the judgment. There is error in the charge of the court to the jury, and the verdict is clearly against the evidence and the law of the case.

The defense made by the answer is, that in the sale of the machine for which the note sued on was given, the seller gave an express warranty that it was "as good as any harvesting machine in the market, and especially to be as good as, and do as good work as, the Marsh harvester." This averment was put in issue, and on its truthfulness depended the defense to a recovery on the note. The testimony of the defendants themselves, if taken as true, was perhaps sufficient to establish the fact that the contract of sale embodied a warranty substantially as charged, with this proviso, that if, on trial, they found it would not work, they "were to let him know, and he would come and make it work." The seller "was to keep up repairs for a year," and whenever it failed to answer the requirements of the warranty, "he was to have notice." They also testified that on one occasion, soon after the purchase, some part of the machine did not work well, whereupon the plaintiff on being notified, had it put in order. As to the fact of this repair the parties are in accord, which shows that up to that time they understood the contract alike, and that by its terms the seller was to be notified if at any time within the life of the warranty the machine failed to perform satisfactorily.

But, notwithstanding such was undoubtedly the agreement respecting the giving of notice, the defendants admit

that none was afterwards given, although they say that within a few days after said repair was made, the machine performed so badly that they hauled it off their premises, and abandoned it to the elements as worthless "*as a machine.*" After treating the machine in this manner, without giving the plaintiff an opportunity to put it in order, the defendants are in no situation to insist upon the warranty as a defense to the note. The law will not permit them to take advantage of a contract so shamefully disregarded on their own part. We are therefore of the opinion that the verdict is clearly against the uncontroverted facts of the case.

Again, the court charged the jury that in the sale of the machine the law implied a warranty that it would "perform the work for which it was intended and sold reasonably well." This was error, for the reason that the defendants neither plead nor claimed to defend on the ground of an implied warranty. Both parties claimed that the warranty was express, whatever may have been its terms. According to the defendants' claim, the standard of excellence was "the Marsh harvester," and none other, and it was upon the establishment of this claim that their defense depended. This instruction tended to mislead.

The court also gave an instruction in these words, viz., That if "the machine for which the note was given was of any value, and that defendants did not return, nor offer to return, the machine to plaintiff, they will find for the plaintiff." This was, doubtless, a correct proposition of law; but, unfortunately, there was nothing in the case calling for its application. True, the defendants had alleged by way of defense, that the machine was actually worthless; but this averment was denied, and we look in vain for any evidence to sustain it. The nearest approach made to proving it was by the testimony given by the defendants, in which they said that it was "worthless as a machine." They were not willing, however, to swear that it

was absolutely worthless for all purposes, and manifestly it was not. There was no evidence tending to show either of the propositions to be true, which the court by this instruction gave to the jury to pass upon. Such an error is good ground for a new trial. *Dunbier v. Day*, 12 Neb., 596, and cases there cited.

For these reasons the judgment is reversed and a new trial awarded.

REVERSED AND REMANDED.