CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, PLAINTIFF IN ERROR, V. CLARA STARMER, DEFENDANT IN ERROR.

[FILED MAY 31, 1889.]

1. **Negligence.** The evidence is examined, and *held*, sufficient to sustain the finding by the jury of negligence on the part of plaintiff in error, and the absence thereof on the part of defendant in error.

2. **Injuries to Person:** DAMAGES. Where in an action for damages by reason of a personal injury, the court instructed the jury among other things that in case they found for the plaintiff in the action they could take into consideration bodily pain and suffering, loss of time and reduction of plaintiff's ability to earn money in her business and calling; the instruction was sustained as being applicable to the evidence produced on the trial.

3. **Instructions:** EXCEPTIONS. The ruling of the district court refusing to give an instruction asked must be excepted to in order to justify the supreme court in reviewing it.

4. **The Verdict** and judgment *held* to be not excessive under the evidence.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

*Marquett & Deweese*, for plaintiff in error, cited: *U. P. Ry. Co. v. Adams*, 33 Kas. 427; *Clark v. Mo. Pacific Ry. Co.*, 35 Id. 352; *Gorton v. R. R. Co.*, 45 N. Y. 664; *Terry v. Jewett*, 78 Id. 338; *Flemming v. R. R. Co.*, 49 Cal. 256.

*C. H. Tanner*, for defendant in error, cited: 24 Central Law Journal, 284; *Sherry v. New York, etc., R. R. Co.*, 10 N. E. Rep. 128; *Loucks v. Ry. Co.*, 31 Minn. 526; *Bitner v. Utah Cent. Ry. Co.*, 11 Pacific Rep. (Utah) 620; Rorer on Railroads, vol. 2, p. 1089, and note; *Bennet v. N. J. R. R. & T. Co.*, 7 Vroom, (N. J.,) 225.

REESE, CH. J.

This action arose out of a collision between a train of cars and a buggy, in which defendant in error and her father were riding, while attempting to cross the railroad track in the city of Hastings at the crossing of said track and Lincoln avenue, a public street. Defendant in error filed her petition in the district court, alleging the facts of the collision and injury to herself, claiming that the accident was caused by the negligence and carelessness of the railroad company, its agents, and servants, in not sounding the whistle nor ringing the bell for the crossing, etc., and alleging the absence of negligence on her part.

Plaintiff in error answered denying any carelessness on its part, and pleading contributory negligence on the part of defendant in error. The line of plaintiff's road runs through the city of Hastings from east to west, and the crossing where the collision occurred is on the railroad track in the avenue which runs north and south. The plaintiff and her father were in a buggy driving south across

the track. Both sides of the street as it approaches the crossing were occupied by buildings, some of which were constructed by plaintiff in error, and which interfered with the view up and down the track until the persons seeking to cross came near to the track.

The north track was the side-track, where cars were switched back and forth and sometimes left standing. One of these cars stood on this north side-track, east of the wagon crossing, and extended into the street, some of the witnesses say, five or six feet; and others say its entire length; but the wagon crossing itself was not interfered with by this car. This north track was about twelve feet distant from the south one, and on the second track, box cars were being pushed backwards to the west by the switch engine; and it was these cars and engine that the buggy that defendant in error and her father were riding in, collided with. The foregoing facts were substantially conceded by both parties. The trial was had to a jury, and resulted in a verdict in favor of defendant in error; a motion for a new trial was filed, which was overruled, and a judgment rendered on the verdict. Plaintiff in error now presents the cause to this court by proceedings in error.

It is contended by plaintiff in error—

*First*—That there was no proof of negligence on its part. *Second*—That there was contributory negligence on the part of defendant in error. *Third*—That the trial court erred in its instructions to the jury. *Fourth*—That it erred in refusing to give instructions asked by plaintiff in error. *Fifth*—That the verdict was excessive.

These questions will be noticed in their order, but for convenience the first and second may be taken together. There was a conflict in the testimony as to whether the usual signals were given as the engine and cars approached the crossing, and whether any brakemen were on the train which was being backed by the engine, and whether proper precautions were taken by the father of defendant in error,

who was driving the horse attached to the buggy in which they were riding, before trying to cross. A number of witnesses testified positively that they heard the whistle and the ringing of the engine bell as the cars approached the crossing, and that a brakeman was on the front end of the front car, which was a box car, as the train came to the crossing; while upon the other hand, a number of witnesses testified as positively on behalf of defendant in error that there was no brakeman on the train; that the bell was not rung; and that they heard no whistle. It was shown with sufficient clearness that defendant in error and her father approached the crossing with the horse on a walk, and that as they approached the track, their speed was checked, either by the voluntary action of the horse, or by the driver, and that at no time prior to their crossing the first track could they see the approaching cars, owing to the obstruction which had been built near the track by plaintiff in error and the box car which projected into the street; that after the horse had crossed the north track and passed the car, it saw the approaching cars, and turned sharply to the right, nearly parallel with the track on which the cars were moving, when the buggy was struck, crushed down, and defendant in error with it, and was dragged along by the side of the track, when she claimed to have received the injuries complained of in her petition. An ordinance of the city of Hastings was also introduced which required plaintiff in error to keep a flagman at the crossing for the purpose of notifying persons who desired to cross, of approaching cars; but no flagman was there.

It must be conceded that upon a part of these questions the testimony seems to preponderate in favor of the theory contended for by plaintiff in error on the trial; yet we do not apprehend that they would necessarily have been decisive of the case in plaintiff's favor had they been found favorable to it. Suppose the whistle had sounded at the crossing of the next avenue east, more than a block away,

(and that is as near as is claimed,) and that the bell was being rung at the east end of the train, which consisted of from two to six cars, (the witnesses differing as to the number,) and that there was no brakeman on the front car, and no flagman at the crossing as required by the ordinance, then we could not say that there was not sufficient to sustain the finding of the jury by its general verdict.

The instruction given to the jury and of which complaint is made, was as follows: "In case you find for the plaintiff you can only find actual, proximate, and not remote, speculative, or exemplary damages; but you can take into consideration bodily pain and suffering, loss of time and reduction of her ability to earn money in her business and calling." It is insisted that this instruction was inapplicable to the facts, and misleading to the jury. This conclusion is based upon the contention that there was no evidence to support the instruction. To this we cannot agree, but will reserve our discussion of the question involved until further on in this opinion.

It is next insisted that the court erred in refusing to give to the jury an instruction requested by plaintiff in error on the trial. This contention must be disposed of by saying that no exceptions were taken to the action of the court in that behalf, and therefore it cannot be reviewed.

As to the contention that the verdict was excessive, we are not entirely free from doubt. It is conceded that defendant in error was confined to her room for but a few weeks, if so long; that no bones were broken; that she returned home with her father, who resided some distance in the country, on the evening of the accident, and soon after engaged in her business of teaching school, and so continued up to the time of the trial, which was some ten months thereafter. But it was shown that a somewhat severe and painful injury was received upon one of her limbs above the knee; that her nervous system was severely shocked at the time of the accident, so much so as to destroy consciousness

for some time; that for nearly all the time intervening between the injury and the trial, she had suffered pain in the injured limb; that her nervous system was badly and probably permanently injured, so much so as to deprive her of the ability to sleep, and to perceptibly impair her health, which condition might become more painful and burdensome, as the physician who examined her testified. These facts, when taken in connection with the further consideration that her prior condition, weight, etc., were testified to by her family and neighbors, as well as her condition at the time of the trial, at which she was present and before the jury, render it difficult for us to say that the verdict was excessive. This evidence was also sufficient to warrant the court in giving the instruction complained of, as hereinbefore referred to. Finding no error in the record, the judgment of the district court must be affirmed, which is done.

JUDGMENT AFFIRMED.

THE other Judges concur.