MICHAEL T. KINNEY V. CITY OF TEKAMAH.

[FILED OCTOBER 21, 1890.]

1. **Instructions** must be based upon, and applicable to, the testimony.

2. **Municipal Corporations:** UNSAFE SIDEWALKS. Where a sidewalk was extended by private parties in front of their store to the edge of a deep creek, so that a stranger, in passing along such sidewalk and continuation thereof, in the dark, and using due care and caution, was precipitated down the bank and injured, *held*, that it was the duty of the city to cause a barrier or obstruction to be erected to apprise travelers of the termination of the walk.

ERROR to the district court for Burt county. Tried below before DOANE, J.

*E. W. Peterson*, for plaintiff in error, cited: 2 Dillon, Mun. Corp., sec. 1018; *Higert v. Greencastle*, 43 Ind., 574; *James v. Portage*, 5 N. W. Rep. [Wis.], 31; *Estelle v. Lake Crystal*, 6 Id. [Minn.], 775; *Plattsmouth v. Mitchell*, 20 Neb., 228, and cases cited; *Gregory v. Lincoln*, 13 Id., 356; *Ray v. St. Paul*, 42 N. W. Rep. [Minn.], 297; *Foxworthy v. Hastings*, 25 Neb., 133; *Lincoln v. Beckman*, 23 Id., 683; *Ireland v. Plank Road Co.*, 13 N. Y., 526; Wood, Nuisances, [2d Ed.], sec. 327, note 1; *Johnson v. Milwaukee*, 1 N. W. Rep. [Wis.], 189; 2 Thompson, Trials, sec. 1766; *Tritz v. Kansas*, 84 Mo., 632, 643.

*N. J. Sheckell, contra*, cited: 2 Dillon, Mun. Corp., secs. 1003, 1005, 1008, 1010, 1011, 1015, 1016, 1019, and 1024, and citations; *Cartwright v. Belmont*, 17 N. W. Rep., 237; *Fulliam v. Muscatine*, 30 Id., 861; *York v. Spellman*, 19 Neb., 357; *Kennon v. Gilmer*, 4 Mont., 433; *Brown v. Elliott*, 45 How. Pr. [N. Y.], 102.

MAXWELL, J.

This action was brought in the district court of Burt county by the plaintiff against the defendant for injuries sustained by him in being precipitated from the end of a sidewalk in said city into Tekamah creek.

It is alleged in the petition that " upon the said 28th day of October, 1886, and for a long time prior thereto, said Thirteenth street, on the east side thereof, between L and K streets, in front of lot 4, block 118, was out of repair and in a dangerous condition, in this, to-wit: Said Thirteenth street intersects Tekamah creek at this point, and the traveled sidewalk in front of said lot along the east side of said street, at that time, was not extended across the creek, but only built up to the bank or edge of said creek, and that from the end of said walk on the bank of said creek there is an abrupt fall of from eight to ten feet to the bed of said creek, the bank at that point being nearly perpendicular, and there being no railing or guards at the end of said walk, and no light or signal to indicate such dangerous condition; that at about 8 o'clock in the evening of the 28th day of October, 1886, it being quite dark, the plaintiff, lawfully traveling on said street and upon said sidewalk, and unaware of the dangerous condition, and without his negligence, was precipitated into said creek, from the end of said sidewalk, and received great bodily injury, by which he has been kept in bed and detained from business about two weeks, since which time he has suffered great bodily pain, he receiving serious injury in and about the neck, and otherwise, and has spent $177 for medical attendance and nursing, and has been permanently crippled, to his damage in the sum of $5,000."

The answer is a general denial.

On the trial of the cause the jury returned a verdict for the defendant, and the action was dismissed.

The testimony shows that Thirteenth street is the principal street in Tekamah; that this street extends across Tekamah creek; that there is a bridge on the street across the creek, the exact width of which does not appear, but apparently less than twenty feet. There is a sidewalk on the east side of the street which, as it approaches the bridge, angles to the southwest to the bridge. The main sidewalk, however, is continued on past the store of Bardwell & Reed to the bank of the creek. The testimony shows that the plaintiff, at the time in question, in passing along the sidewalk in the night continued on that portion of the walk in front of Bardwell & Reed's store, and stepped off the south end of such walk and was precipitated into the creek and sustained severe injuries. No barriers were erected at the south end of the sidewalk, nor any obstruction to prevent a person unacquainted with the same and passing along that walk in the night season from falling into the creek. The principal defense is that the sidewalk in front of Bardwell & Reed's store was the private property of that firm and not constructed by the city. So far as appears, however, it was a continuation of the sidewalk passing along the east side of that street.

The court instructed the jury as follows: "It is the duty of the city to keep its streets, including sidewalks which are in general use, or over which the city has assumed jurisdiction, in safe condition for the use of the public, but this duty does not require the city to keep all of its streets for the full width of them in good condition for travel. If the city has provided a bridge in a public street where it is intersected by a stream, safe and sufficient for all purposes of public travel, with reasonably safe and sufficient walks leading thereto in continuation of the sidewalks which are constructed along such street, it has performed its duty with reference to providing means for the crossing of such stream, notwithstanding such bridge may not be constructed the full width of such street, and if a person

in traveling along such street voluntarily leaves the usually traveled way, which is safe and in good condition, and by reason thereof receives an injury in a part of the street unfrequented by the public, and where the city has never exercised jurisdiction or done anything towards improving the street or constructing sidewalks, or inviting travel, the city is not liable in damages for such injury."

This instruction was misleading and not based upon the testimony. So far as appears, a traveler, in passing along the sidewalk in the night, and having no knowledge of the locality, might be expected to pass along that portion in front of Bardwell & Reed's store without fault on his part. This element is entirely left out in the instruction. The fact that the sidewalk at that point had been constructed by Bardwell & Reed as a continuation of the city sidewalk would not prevent the city from being liable when a person traveling along the same, and having reason to believe that it was a continuation of the sidewalk, and therefore in a safe condition, was injured by the failure of the city to cause a proper barrier to be erected to prevent persons by mistake from passing along said sidewalk in the night and falling into the creek. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.