ESTERLY HARVESTING MACHINE CO. V. FRANK FROLKEY ET AL.

[FILED MARCH 2, 1892.]

1. An instruction not based upon the evidence, although correct as a legal proposition, is good ground for the reversal of a judgment, if it has a tendency to mislead the jury.

2. Contracts: BREACH : MEASURE OF DAMAGES. In the sale of a harvester, the vendor agreed to furnish needed repairs for the machine for the period of two years, free of charge. In an action upon the notes given for the purchase price, the court instructed the jury, in effect, to return a verdict for defendants in case they found that plaintiff failed to furnish such repairs when requested by defendants. *Held*, Error, and that the measure of damages for the breach of the contract by the plaintiff in such case is the value of such repairs.

3. ———: AGENCY: RATIFICATION. A party will not be permitted to adopt that part of a contract made by his agent which is beneficial to him and reject the remainder. He must adopt his acts as a whole.

ERROR to the district court for Lincoln county. Tried below before CHURCH, J.

*J. S. Hoagland* (*F. J. Bush* with him), for plaintiff in error, cited: Story on Agency, secs. 123 and 264; 1 Am.

& Eng. Ency. of Law, 401; *Miller v. Nichols,* 5 Neb., 482; *Nichols v. Hail,* 4 Id., 210; *Edgerly v. Gardner,* 9 Id., 137; *Birdsall v. Carter,* 5 Id., 517; *Clark v. Deering,* 29 Id., 293.

*Grimes & Wilcox, contra,* cited : *Kansas Mfg. Co. v. Wagner,* 25 Neb., 440; *Nichols v. Hail,* 4 Id., 215; *Chariton Plow Co. v. Davidson,* 16 Id., 377; *Webster v. Wray,* 17 Id., 579; *Wilson v. Beardsley,* 20 Id., 451; *McKeighan v. Hopkins,* 19 Id., 38; *Rogers v. Empkie Hdw. Co.,* 24 Id., 655; *Krider v. Trustees,* 31 Ia., 547; *N. E. Mtg. Sec. Co. v. Hendrickson,* 13 Neb., 575; *Reidman v. Goodell,* 55 Ia., 592; *Esterly & Son v. Van Slyke,* 21 Neb., 616; *Sycamore Co. v. Sturm,* 13 Id., 214; *Woodberry v. Larned,* 5 Minn., 339; *Babcock v. Deford,* 14 Kan., 408; *Victor S. M. Co. v. Rheinschild,* 25 Id., 534.     Instructions: *Sioux City, etc., R. Co v. Brown,* 13 Ia., 317; *R. V. R. Co. v. Fellers,* 16 Id., 173; *Bartling v. Behrends,* 20 Id., 211 ; *Campbell v. Holland,* 22 Id., 588 ; *Hamilton v. State Bank,* 22 Ia., 306 ; *Spencer v. Tozer,* 15 Minn., 146; *Laurel v. State Natl. Bank,* 25 Id., 48 ; *Long v. Clapp,* 15 Neb., 420 ; *Young v. Filley,* 19 Id., 544; *Brome v. Rogers,* 20 Id., 547.

NORVAL, J.

This suit is upon three promissory notes executed by defendants in error on July 20, 1885, amounting in the aggregate to the sum of $200, besides interest.   The notes were given in payment for an Esterly twine binder harvester, manufactured and sold by plaintiff.

The defendants admit the execution and delivery of the notes, and as a defense thereto set up in their answer that the plaintiff warranted the machine to do as good work as any machine, and that plaintiff further agreed to furnish to defendants, free of charge, all necessary repairs for said machine for the term of two years from the date of purchase.   It is also alleged that the machine would not do

good work, but was worthless and of no value whatever, and that plaintiff failed to furnish any repairs, although requested to do so. The answer further charges that the defendants paid $25 in cash as part of the purchase price of the machine.

The reply is a general denial. There was a trial to a jury, with verdict and judgment for defendants for $1.

The testimony shows that Gering & Johnson were agents of plaintiff in the sale of its machinery, and that one John Owens was a subagent of Gering & Johnson. The defendants ordered the harvester in question through said Owens. The order was in writing, and upon the back of which, before it was signed by defendants, Owens wrote the following: "The Esterly Harvesting Machine Company agrees to furnish, free of charge, at Arnold, Nebraska, repairs for two years." Shortly afterwards the harvester was furnished under the order above referred to, it being delivered and set up on lands farmed by one of the defendants. On the day the machine was started the notes were given, and the defendants also paid $25 as part of the purchase price. The testimony of the defendants tends to prove that Owens verbally warranted the machine to do as good work as any other machine. The contention of the plaintiff is that there was no verbal warranty, but that the order given for the machine was upon one of plaintiff's usual printed blanks, which contained the following stipulations: "This machine is hereby purchased and sold subject to the following warranty and agreement, and no one has any authority to add to, abridge, or change it in any manner. This machine is well made, of good material, and with proper management it is capable of doing first-class work, the purchaser agreeing to see that it is properly operated. That the purchaser shall have one day to give it a fair trial, and if it should not work well, he is to give written notice, stating wherein it fails, to the agent from whom it was received, and also to the Esterly Har-

vesting Machine Company, Whitewater, Wisconsin, or to their general or state agent, and allow reasonable time for an expert from said state agent to get to it and remedy the defects, if any, the purchaser rendering necessary and friendly assistance, furnishing a suitable team, when, if it cannot be made to do good work, he shall return it to the place where received, free of charge, in as good condition as when received, except the natural wear, and a new machine will be given in its place, or the notes and money will be refunded, which, when done, shall be the settlement of the whole transaction. Continued possession of the machine, or failure to give notice as above, shall be conclusive evidence that the machine fulfills the warranty."

It appears from the testimony introduced by the defense that the machine failed to do good work, the defect being in the binding attachment; that Owens was verbally notified repeatedly of the failure of the machine to do its work properly, and that he promised to go and remedy the defect, but failed to do so; that no written notice was ever given to plaintiff or its state agent of any defect in the machine; that the defendants kept and used the harvester during the season of 1885, cutting therewith over 100 acres of grain; that they attempted to use it the following season, but being unable to make it work they offered to return the machine to Owens, who refused to receive it and it was left on the farm near the place where they received it; that although Owens was requested to furnish repairs for the machine he failed to furnish them.

The testimony of Thomas Johnson, a witness called by the plaintiff, is to the effect that defendants cut fourteen acres of grain for him with the machine in 1885, and that it worked satisfactorily.

J. H. Harmers testified that he examined the machine in 1887 and found some of the parts badly worn, and others had been taken off. With these exceptions the machine was in condition to do good work.

A number of errors are assigned in the petition in error, but the only ones we deem important to notice are those based upon certain instructions given to the jury.

Objection is made to the second instruction, which is as follows:

"Second—If you find from the evidence that the plaintiff's agent did warrant the machine as represented, and that it failed to answer its warranted character, the measure of defendants' damages is the difference between the value of the machine in the condition it actually was at the time of the sale and what it would have been had it answered its warranted character."

No objection can be found with this instruction as a legal proposition, but it was not applicable to the evidence. We are unable to find a scintilla of testimony in the bill of exceptions relating to the actual value of the machine; nor was any witness interrogated upon that issue. True, some of the witnesses, in describing the character of the work done by it, speak of its being worthless as a harvester, but that is not sufficient to warrant the jury in finding that it had no pecuniary value or to justify the submission of the question of damages to them. The instruction was highly prejudicial to the plaintiff, and should not have been given. (*Smith v. Evans*, 13 Neb., 314.)

The plaintiff excepted to the sixth instruction, which reads:

"The jury are further instructed that if they find from the evidence that plaintiff agreed when it sold said machine that it would furnish repairs for said machine free of charge for a period of two years from the date of the sale thereof, and if you further find from the evidence that plaintiff failed to furnish such repairs as were needed by defendants, you will find for defendants, provided you find from the evidence that plaintiff was advised by defendants of any needed repairs and the same were requested by defendants."

This instruction was clearly erroneous. It, in effect, told

the jury that if the needed repairs were not furnished by the plaintiff the measure of the defendants' damages was the full amount of the notes. Such is not the law. The failure of the plaintiff to furnish the repairs would not prevent the recovery upon the notes, for the measure of damages for the breach of contract by the plaintiff in such case would be the cost of the repairs. In this case, however, no evidence was offered to prove their value. (*Birdsall v. Carter*, 11 Neb., 146.)

Complaint is made of the eighth instruction, which is as follows:

"The testimony shows that the machine in question was bought from one John Owens. It is further shown that said Owens received his agency to sell the machine in question from one Gering & Johnson, who were the agents of the plaintiff herein. You are therefore instructed as a matter of law that if you find from a preponderance of the evidence that said Owens took defendants' order for said machine and gave defendants a written warranty for said machine, and you further find from the evidence that plaintiff delivered said machine upon said order and accepted defendants' notes on said order, they thereby ratify the warranty made by Owens and are bound thereby."

As already stated, the defendants relied upon a verbal warranty and agreement made by one John Owens, who took their order for the machine in question. It is contended that said Owens was a stranger to plaintiff, and had no authority to make the alleged verbal warranty, and therefore plaintiff is not bound thereby. Owens was merely a subagent of Gering & Johnson, who were the agents of plaintiff in selling its machinery, but possessed no power to appoint a subagent. The defendants, when ordering the machine, read in the contract and warranty the provision "that no one has any authority to add to, abridge, or change it in any manner." We think it must be conceded that Owens acted without authority, but plaint-

iff, by furnishing the machine on the order thus taken by him, by accepting the notes in payment thereof, and bringing suit on the notes ratified the acts of Owens, and is bound by the contract and warranty made by him. It would be unjust to permit plaintiff to adopt that part of the contract made by its agent as is beneficial to it, and reject the remainder. The instruction complained of properly submitted to the jury the question of the ratification of Owens' acts by the plaintiff. (*Esterly & Son v. Van Slyke*, 21 Neb., 616; *Sycamore Co. v. Sturm*, 13 Id., 210; *Chariton Plow Co. v. Davidson*, 16 Id., 377; *Kansas Mfg. Co. v. Wagoner*, 25 Id., 443; *Rogers v. Empkie Hardware Co.*, 24 Id., 655.)

For the errors indicated the judgment is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.