Kroll v. Ernst.

CARLOS KROLL v. FRED ERNST.

[FILED APRIL 13, 1892.]

1. Agistment: LIEN. One who feeds and cares for live stock under a contract with the owner has an agister's lien upon such stock for their keeping, and the owner cannot obtain possession of the same, by replevin or other legal process, until he has paid or tendered the full amount of such lien.

2. ———: ———: WAIVER. The voluntary surrender of the possession of the stock by the agister releases the lien.

3. **Error Proceedings:** ERRORS WAIVED BY NON-ASSIGNMENT. The ruling of the trial court on the admission and exclusion of testimony will not be reviewed by the supreme court, where the same are not pointed out in the petition in error.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

*Bowen, Hoeppner & Bowen,* for plaintiff in error, cited: *Marseilles Mfg. Co. v. Morgan,* 12 Neb., 68.

*John M. Ragan, contra.*

NORVAL, J.

This was an action of replevin commenced in the court below by Carlos Kroll, to recover the possession of eighteen head of cattle. The defendant justified his right to possession under the provisions of the statute providing for an agister's lien. The jury found that the defendant had a special ownership or interest in the property to the amount of $117, and assessed to him nominal damages for the wrongful taking.

It is admitted that, at the time the suit was brought, plaintiff was the general owner of the cattle. In the spring of 1889 he delivered them to the defendant to herd for the season, at a stipulated price per head. The herd bill has never been paid. Under the statute one who feeds and cares for live stock under a contract with the owner has an agister's lien upon such stock for their keeping, and it is declared to be unlawful for the owner to obtain possession of the same, by replevin or other legal process, until he has paid or tendered the amount due for their feed and care. But it is contended that the defendant voluntarily parted with the possession of the stock and thereby relinquished his lien. If the premises were true, the conclusion drawn therefrom would be irresistible. The voluntary abandonment of the custody of the property by the agister, divests the lien.

This brings us to the consideration of the principal question in the case, and that is, does the evidence show that the possession of the cattle was ever surrendered by the defendant. It appears that on the 16th or 17th of October, 1889, plaintiff went to the farm of the defendant for the purpose of taking home his stock, and finding the defendant absent, plaintiff started with the cattle, defendant's wife, son, and hired man helping drive them out into the highway. Very soon afterwards defendant returned home, and finding the cattle gone, he, with his son and hired man, started after them, overtaking them about a half a mile from defendant's place. Plaintiff having refused to pay the herd bill when requested, defendant took possession of the cattle, and drove them to his farm, where they remained until replevied in this suit. The defendant testified positively that he did not consent to the taking away of the cattle, and did not authorize any one so to do for him, but, on the other hand, that he had instructed his wife not to permit the plaintiff to have them unless he paid the herd bill. There is no testimony in the record tending to prove that the defendant ever consented to the removal of the stock. The jury found that he did not voluntarily surrender possession of the cattle, and after a careful reading of the testimony, we are satisfied that it is sufficient to sustain the finding.

It is finally urged that the court erred in refusing to permit the defendant to answer certain questions propounded to him on cross-examination by the plaintiff. A sufficient answer to this contention is that no such ground for reversal of the judgment is assigned in the petition in error. The rulings of the trial court admitting and excluding testimony will not be reviewed by this court unless the same are specifically pointed out in the petition in error. The judgment is

AFFIRMED.

THE other judges concur.