## ALLEN T. RECTOR v. GEORGE CANFIELD.

FILED MAY 15, 1894.    No. 5256.

1. **Review:** WEIGHT OF EVIDENCE.    Where there is sufficient evidence to justify a verdict it will not be disturbed merely because of the comparative number of witnesses on each side, or on account of mere probabilities as to the comparative weight of the testimony considered alone on the record in this court.

2. **Exceptions to Instructions:** REVIEW.    To a review of alleged errors in giving or refusing an instruction an exception is indispensably a prerequisite.

ERROR from the district court of Douglas county.    Tried below before DOANE, J.

*Jacob Fawcett* and *F. M. Sturdevant,* for plaintiff in error.

*C. A. Baldwin, contra.*

RYAN, C.

While it is possible that counsel for plaintiff in error may have gone outside the record for some of the facts, their epitome of the pleadings and facts involved will sufficiently answer our purpose.    In their brief counsel say: "The pleadings in the case show that some time in December, 1888, or January, 1889, the defendant Miller and the plaintiff Canfield made a trade, Canfield trading off his interest in the furniture of a hotel in Omaha known as the "Canfield House," Miller agreeing to give in exchange therefor the lots in controversy in this case.    At the time of the trade Miller was constructing some small dwellings on these two lots, and it seems the agreement was that he was to go on and complete the dwellings and mortgage the lots for $1,000, and then convey them, subject to this mortgage of $1,000, to Canfield.    Canfield delivered possession,

of the hotel to Miller, and Miller executed to Canfield the bond sued on in this case, with the defendant Rector as surety thereon. Shortly after this Miller conveyed the property to someone else and skipped the country between two days, leaving Canfield and defendant Rector in the lurch on this deal. Demand was made upon Rector to pay the penal sum of the bond, which he declined to do, for the reason, as stated in his answer, that Canfield had not been damaged to exceed the sum of $600. The court below held properly that the measure of damages in this case was the value of the property which Miller failed to convey to Canfield at the time he should have conveyed it."

In reference to the value of the property which Miller failed to convey to Canfield the testimony was conflicting, and in support of the verdict of $1,585 for Canfield there were fewer witnesses than there were of those whose testimony had a tendency to justify a verdict for a less amount. It was a case wherein the jury upon the evidence might properly have found that the estimate of defendant's witnesses as to value was more nearly correct; its finding for the plaintiff was not without ample support. Under such circumstances the verdict will not be disturbed upon the assumption that it was unsupported by the evidence. The suggestion in argument, that the giving of some instructions, and the refusal of others when asked, was erroneous, cannot be considered, because no exception is shown to have been taken to the ruling of the court on either of these questions. The judgment of the district court is

AFFIRMED.