HENSON WISEMAN v. JAMES C. ZIEGLER.

FILED OCTOBER 2, 1894.    No. 6012.

1. **Verdict:** FORM: SUFFICIENCY. In an action to recover money the jury returned a verdict in these words: " We, the jury, duly impaneled in the above entitled cause, do find for the plaintiff, James C. Ziegler, and assess his damages in the sum of $38.59, and interest at seven per cent," *held* sufficiently certain to sustain a judgment thereon for plaintiff for $38.59.

2. **Instructions:** EXCEPTIONS: REVIEW. An exception is necessary to the review of alleged errors in giving and refusing instructions.

3. **Transcript for Review:** OMISSION OF INSTRUCTION. Error cannot be predicated for the refusing a request to charge, where such instruction is not contained in the record brought to this court.

4. **Review:** SUFFICIENCY OF EVIDENCE: ASSIGNMENTS OF ERROR. This court will not review the evidence for the purpose of ascertaining whether it sustains the verdict, where the question is not specifically raised by the petition in error.

5. **Rulings on Evidence:** REVIEW: ASSIGNMENTS OF ERROR. An objection to the ruling of the trial court on the admission and exclusion of evidence will not be considered, unless the particular ruling complained of is pointed out in the assignments of error.

6. **Assignments of Error:** RULING ON MOTION FOR NEW TRIAL. An assignment of error for the denial of a motion for a new trial is bad if it fails to specify to which of the several points made by the motion the assignment applies.

7. **Petitions in Error:** FAILURE TO MAKE ASSIGNMENTS SPECIFIC. In order to a review of the proceedings of the trial court, the petition in error must assign alleged errors with such particularity as to enable the supreme court to determine the precise ruling of which complaint is made.

ERROR from the district court of Cedar county. Tried below before NORRIS, J.

*Wilbur F. Bryant,* for plaintiff in error.

*Addison M. Gooding, contra.*

NORVAL, C. J.

This was an action on an account brought by James C. Ziegler to recover the sum of $63.59, with interest thereon from March 30, 1889, for goods, wares, and merchandise alleged to have been sold and delivered to the plaintiff in error. Upon the trial there was a verdict and judgment for the plaintiff. The defendant brings the record here for review by petition in error.

The first complaint in the brief of counsel is as to the form of the verdict. It is contended that it is uncertain in amount. The verdict, omitting title, reads as follows:

"We, the jury, duly impaneled in the above entitled cause, do find for the plaintiff, James C. Ziegler, and assess

his damages in the sum of $38.59, and interest at seven
per cent.                     H. J. HUENNEKENS,
                                         "*Foreman.*"

The defendant excepted to the form of the verdict before
the discharge of the jury, whereupon the court instructed
the jury that they should have computed the interest, and
the foreman replied that they desired the clerk of the
court to do that. To this the defendant objected. The
plaintiff then waived the computation of interest and ac-
cepted the verdict as returned, and, upon the overruling
of defendant's motion for a new trial, the court rendered
judgment against the defendant for the sum of $38.59,
without adding interest. The trial court, when its atten-
tion was challenged to the form of the verdict, should, and
had the plaintiff not waived a computation of the interest,
it doubtless would, have instructed the jury to return to
their room and cast up the interest. It was their duty to
have done so in the first instance; but this omission is,
at most, a harmless irregularity, and is not a ground for re-
versing the judgment, as the defendant was in no manner
prejudiced. The verdict was sufficiently certain and spe-
cific as to amount to sustain a judgment thereon for the
plaintiff for the sum of $38.59.

It is insisted that "the court erred in instructing the
jury as requested in paragraph 1 of the requests of the de-
fendant in error." The record does not affirmatively show
that the plaintiff below submitted to the court any requests
to charge. There are copied into the transcript eight in-
structions presented by the defendant and another request
for a charge. By whom the latter was submitted does not
appear. Whether any or all of these requests were either
refused by the court or were given to the jury, the record
does not inform us; nor does it appear that either party
took an exception either to the giving or refusing of any
instruction; hence the same cannot be reviewed. (*Rector v.
Canfield*, 40 Neb., 595.)

The next assignment is that the court erred in refusing the defendant's ninth instruction. We are unable to consider this assignment, inasmuch as no such request is to be found in the record under consideration.

It is argued that the verdict is not supported by sufficient evidence, and is contrary to the law of the case. This point not having been made in the petition in error, we cannot review the evidence in the bill of exceptions for the purpose of ascertaining whether it is sufficient to sustain the verdict, or not.

Complaint is made in the brief that the entire testimony of the witness Locke was erroneously admitted, and that there was also error in admitting plaintiff's books of account in evidence. The only assignments in the petition in error relating to this branch of the case are the sixth, seventh, and eighth, which are as follows:

"6. That the court erred in admitting evidence of the defendant in error over the plaintiff in error's objection.

"7. That there were other errors of law occurring at the trial duly excepted to by defendant below.

"8. That there were other errors appearing of record."

These assignments are too indefinite to present for review the rulings of the court below on admission of testimony. The petition in error should have clearly and definitely pointed out the particular piece of testimony which it is claimed was wrongfully admitted. (*Cortelyou v. Maben*, 40 Neb., 512.)

It is finally insisted that the judgment should be reversed because one of the jurors was asleep during a portion of the time the plaintiff in error was testifying. The misconduct of the juror is not alleged as a ground of reversal in the petition in error, unless covered by the seventh and the eighth assignments quoted above, or the ninth, which alleges "that the court erred in overruling the motion of the plaintiff in error for a new trial." Clearly the seventh and eighth assignments, under the holdings of this court,

are bad.    The motion for a new trial contains thirteen as-
signments of error.    The thirteenth, or last, alone relates to
the misconduct of the juror.    The ninth assignment of the
petition in error for the denial of the motion for a new
trial is bad, because it fails to specify to which of the sev-
eral points made by the motion the assignment applies.
A petition in error must assign alleged errors with such
particularity as to enable the court to ascertain the precise
ruling intended to be reviewed.    (*Hanlon v. Union P. R.
Co.*, 40 Neb., 52.)    The judgment is

AFFIRMED.