CITY OF CHADRON v. ELIZA J. GLOVER.

FILED FEBRUARY 5, 1895. No. 5025.

1. **Review**: RULINGS ON EVIDENCE: ASSIGNMENTS OF ERROR.
To obtain a review of the rulings of the trial court on the ad-
mission and rejection of evidence, the petition in error must
specifically designate the rulings complained of.

City of Chadron v. Glover.

2. **Instructions**: EXCEPTIONS: REVIEW. This court will not review the action of the trial court in giving and refusing instructions, unless the record discloses an exception to the ruling complained of.

3. ———: ———: ———. The failure of the trial court to mark instructions "given" or "refused" cannot be complained of here ,unless an exception was specially taken in the trial court on the ground that the instructions were not so marked.

4. **Depositions**: RULING ON MOTION TO SUPPRESS. In September a deposition of a witness residing in a distant state was taken on behalf of the plaintiff on due notice, the defendant serving cross-interrogatories as provided by the Code. The officer who took the deposition, instead of transmitting it to the clerk, transmitted it to the plaintiff's attorney and the deposition was never filed. On December 3 plaintiff served another notice of the taking of the deposition of the same witness on December 20. No cross-interrogatories were served, and the witness was not cross-examined. *Held*, That the court properly overruled a motion to suppress the deposition based on the failure of the notary to propound the cross-interrogatories served on the former occasion.

5. **Practice**: PERSONAL INJURIES: EXAMINATION BY PHYSICIANS. Whether it is proper in an action for personal injuries for the court to appoint, on the application of the defendant, a commission of physicians to make a physical examination of the plaintiff, *quære*. If such action is proper, the application must be made before the trial commences.

6. **Review**: ASSIGNMENTS OF ERROR: MOTION FOR NEW TRIAL. An assignment in the petition in error that the court erred in overruling the motion for a new trial is too indefinite for consideration where the motion for a new trial assigns several different grounds therefor.

7. **Husband and Wife**: ACTION FOR PERSONAL INJURIES. The disability of a married woman to maintain an action in her own name was removed by the married woman's act, and she may maintain an action for personal injuries, recovering therein the damages by her sustained as distinguished from any sustained by the husband.

8. ———: ———: ESTOPPEL. Such right of action being her own she is not estopped by her husband's acts in regard thereto.

9. **Municipal Corporations**: SIDEWALKS: REPAIR. Where a city permits a sidewalk to be maintained beyond the sidewalk line as fixed by ordinance, and exercises control thereover, its duty is to maintain the whole walk in repair.

**10.** ———: PRESENTATION OF CLAIM FOR PERSONAL INJURIES. Section 80, chapter 14, Compiled Statutes, does not require a claim for personal injuries to be presented to the city council of a city of the second class as a condition precedent to maintaining an action.

ERROR from the district court of Dawes county. Tried below before KINKAID, J.

*Spargur & Fisher*, for plaintiff in error.

*Albert W. Crites* and *C. Dana Sayrs*, contra.

IRVINE, C.

The defendant in error recovered a judgment against the plaintiff in error for $500, on account of injuries sustained by the defendant in error in consequence of falling on a defective sidewalk. Counsel in the brief discuss many questions relating to the evidence and to the instructions. The assignments of error are, however, of such a character that but few of these questions can be considered. The fourth, fifth, and sixth assignments of error are as follows:

"4. The court erred in admitting in evidence and in overruling the motion of defendant to strike out the testimony of Dr. A. Lewis, witness for plaintiff.

"5. The court erred in the admission of evidence upon behalf of plaintiff over the objection of defendant.

"6. The court erred in excluding evidence and exhibits offered by defendant."

Each one of these assignments is too vague to permit a review of the rulings of the court upon the evidence. To obtain such review the precise ruling complained of should be specifically pointed out. (*Lyman v. McMillan*, 8 Neb., 135; *Graham v. Harnett*, 10 Neb., 517; *Birdsall v. Carter*, 11 Neb., 143; *Cook v. Pickerel*, 20 Neb., 433; *Lowe v. City of Omaha*, 33 Neb., 587; *Kroll v. Ernst*, 34 Neb., 482; *Gregory v. Kaar*, 36 Neb., 533; *Farwell v. Cramer*,

City of Chadron v. Glover.

38 Neb., 61; *Hanlon v. Union P. R. Co.*, 40 Neb., 52; *Cortelyou v. Maben*, 40 Neb., 512.)

The assignments relating to the instructions are as follows:

" 7. The court erred in refusing to give the instructions requested by defendant and in neglecting to mark such instructions 'refused.'

" 8. The court erred in giving the instructions upon his own motion and in failing to mark such instructions 'given.'

" 9. The court erred in giving instructions asked by plaintiff and in neglecting to mark them 'given.'"

Such language is too indefinite unless the ruling of the trial court was erroneous as to all the paragraphs in each group. (*Birdsall v. Carter, supra; Hiatt v. Kinkaid*, 40 Neb., 178; *McDonald v. Bowman*, 40 Neb., 270; *Jenkins v. Mitchell*, 40 Neb., 664; *Murphy v. Gould*, 40 Neb., 728; *Armann v. Buel*, 40 Neb., 803; *Berneker v. State*, 40 Neb., 810; *Hewitt v. Commercial Banking Co.*, 40 Neb., 820.) Moreover, the record discloses no exception to any instruction given or requested. The failure to except prevents a review. (*Scofield v. Brown*, 7 Neb., 221; *Heldt v. State*, 20 Neb., 492; *Billings v. Filley*, 21 Neb., 511; *Chicago, B. & Q. R. Co. v. Starmer*, 26 Neb., 630; *Darner v. Daggett*, 35 Neb., 695; *American Building & Loan Association v. Mordock*, 39 Neb., 413; *Rector v. Canfield*, 40 Neb., 595.) Other cases might be cited on all the foregoing points. As to that part of the assignments of error which relates to the failure of the court to mark the instructions "given" or " refused," it is sufficient to say that no request was made to the court to so mark them, and no exception was taken to the failure of the court to do so. In the absence of an exception specially taken on the ground that the instructions are not so marked, the failure of the court in that particular cannot be complained of here. (*Omaha & Florence Land & Trust Co. v. Hansen*, 32 Neb., 449.)

The first assignment of error relates to the overruling of
a motion of the plaintiff in error to suppress the deposi-
tion of one D. F. Van Lehn, and the second assignment is
directed against the admission of the deposition in evi-
dence. It seems from the proof offered in support of the
motion to suppress and of the objection to the admission in
evidence of the deposition, that a deposition of the witness
was taken in Fair Haven, Washington, September 18, 1890,
in pursuance of proper notice. On that occasion the de-
fendant city had served cross-interrogatories as provided by
section 378 of the Code of Civil Procedure. The notary,
instead of transmitting the deposition to the clerk, trans-
mitted it to plaintiff's attorney and the deposition was never
filed. On December 3, 1890, another notice was served by
the plaintiff to take the deposition of the same witness at
the same place on the 20th of December, 1890, no cross-
interrogatories were served, and the deposition then taken
was the one received in evidence. The trial took place in
April, 1891. The ground on which it was sought to ex-
clude the deposition was that the defendant was entitled to
the benefit of its cross-examination and that counsel sup-
posed that the object of the second notice was merely to
procure a copy of the deposition which had been missent
and that the cross-interrogatories would be propounded to
the witness. Counsel had no right to so suppose. The
notice was to take a new deposition. Ample time was al-
lowed for the city to make the necessary preparations. The
statute provided a method of having cross-interrogatories
propounded. The fact that a deposition had once before
been taken which failed of its effect because not trans-
mitted as the law required, did not justify the defendant in
neglecting to follow the proper method of cross-examina-
tion when the second deposition was taken.

The third assignment is directed against the action of
the court in overruling the motion of the defendant for an
order appointing a commission of physicians to examine

the plaintiff for the purpose of ascertaining the extent of her injury. It has been twice intimated that it is within the power of the court to make such an order. (*Sioux City & P. R. Co. v. Finlayson*, 16 Neb., 578; *Ellsworth v. City of Fairbury*, 41 Neb., 881.) In each case, however, the court disclaimed the intention of deciding the question. It was not necessary in either of those cases and it is not necessary here. The record shows that the application was made during the trial. If the court was not justified on other grounds in overruling the motion it was justified in doing so because of the time when the motion was made. If such an application is proper under any circumstances, it must be made before trial. (*Sioux City & P. R. Co. v. Finlayson*, 16 Neb., 578; *Stuart v. Havens*, 17 Neb., 211.)

The only remaining assignments of error are the tenth and eleventh. The tenth is that the court erred in overruling the motion for a new trial. The eleventh, a more specific assignment, that the court erred in overruling the motion for a new trial in so far as it was based on the ground that the verdict was not sustained by the evidence and that it was informal. No informality in the verdict is pointed out in the briefs and that assignment will, therefore, be deemed as waived. The motion for a new trial assigned ten grounds, therefore the tenth assignment of error is too indefinite for consideration. (*Glaze v. Parcel*, 40 Neb., 732.) We can only, therefore, consider the action of the court with reference to the eleventh assignment in so far as it relates to the sufficiency of the evidence. One point urged is that the pleadings admit and the evidence shows that the plaintiff was a married woman, whence it is argued that the action not concerning her separate estate or her occupation it will not lie in her behalf. It has, however, been distinctly held that the married woman's act removes entirely the disability of a married woman to sue, and that she may maintain an action for personal inju-

ries, recovering therein the damages by her sustained as distinguished from any sustained by the husband. (*Omaha Horse R. Co. v. Doolittle*, 7 Neb., 481; *Pope v. Hooper*, 6 Neb., 178; *Omaha & R. V. R. Co. v. Chollette*, 41 Neb., 578.) It is also urged that it was shown that the plaintiff's husband at the time of the injury was a member of the city council and of its committee on streets and alleys, and was, therefore, one of the persons charged with the duty of maintaining the streets in proper repair. This being the wife's action for her own benefit these facts operate in no wise as an estoppel against her. It is also contended that the injury occurred at a point outside of the line of the sidewalk as established by ordinance. It would seem from the evidence that at this point a sidewalk about twelve feet wide existed extending from the outer line of the sidewalk elsewhere along the street, back to a rink used for public entertainments; while the ordinance provided for a sidewalk only four feet in width. It is uncertain whether the defect complained of was within the four feet or beyond it; but assuming that it was beyond the limit established by ordinance, still the evidence shows that the situation was much the same as in *Foxworthy v. City of Hastings*, 25 Neb., 133. At least it is clear that the whole formed a continuous walk, open to the public, and that the city had exercised control over the whole thereof. The city having permitted the sidewalk its duty to maintain the same is not affected by the fact that under its ordinance a narrower walk might have been erected. (*Foxworthy v. City of Hastings*, 25 Neb., 133; *Kinney v. Tekamah*, 30 Neb., 605.) It is still further urged that the action is at least prematurely brought because the plaintiff had filed a claim with the city which had not been acted upon when the suit was brought. Under the statute relating to cities of the class of Chadron, the total failure to present a claim of this character does not bar an action. (Compiled Statutes, ch. 14, sec. 80; *Nance v. Falls City*, 16 Neb., 85.) In all other

respects we think there is ample evidence to sustain the verdict, but a review of the evidence would be useless.

JUDGMENT AFFIRMED.