(113 N. W. 99.)

---

G. L. Barron v. The Northern Pacific Railway Company.

Opinion filed Sept. 10, 1907.

**Damages — Loss of Time — Injuries to Passenger — Instruction — Evidence.**

1. In an action to recover for injuries to the person of the plaintiff by reason of the negligence of the defendant, while the plaintiff was a passenger riding in one of its cabooses, it was error justifying the trial court in granting a new trial to instruct the jury to take into consideration the loss of time occasioned plaintiff by the injuries complained of in fixing the amount of damages, when no loss of time was pleaded and no evidence offered showing the value of his time, the extent of his business, or giving the jury any facts on which to base a finding for loss of time.

**Same — Error Presumed from Erroneous Instruction.**

2. This court cannot assume that the jury found only nominal damages for loss of time, when the court gave on erroneous instruction on damages for loss of time caused by the injury, on the strength of which the jury may have materially increased its finding as to the amount of damage.

**Instructions — Must be Evidence to Sustain.**

3. When actual pecuniary damages are sought for loss of time, some evidence must be given showing such loss and its value to support an instruction to the jury to consider loss of time in fixing damages.

Action by G. L. Barron against the Northern Pacific Railway Company. Verdict for plaintiff. From an order granting a new trial, he appeals.

Affirmed.

*E. R. Sinkler,* for appellant.

New trial will not be granted upon newly discovered evidence, which with reasonable diligence could have been produced on the trial. 14 Pleading and Practice, 799; Ninninger v. Know, 8 Minn. 140; Austin v. Northern Pac. Ry. Co., 25 N. W. 798; Broat v. Moore, 47 N. W. 55; Nelson v. Carlson, 55 N. W. 821.

Due diligence to produce must be shown by facts constituting the same. Boot v. Brewster, 36 N. W. 649; Calahan v. Calahan, 48 N. W. 724; Moody v. Priest, 28 N. W. 415; Fenno v. Chapin, 8 N. W. 760; Evans v. Christopherson, 24 Minn. 331.

*W. B. Kellogg* and *Ball, Watson & Young,* for respondent.

It is error to give instructions that have no application to the evidence. Nicklous v. Burns, 75 Ind. 93; Smith v. Evans, 14 N. W. 406; Esterly Harvesting Machine Co. v. Frolkey, 51 N. W. 594.

Application for new trial based on newly discovered evidence is addressed to the discretion of the court, and its order will be sustained unless abuse is manifest. Pengilly v. Case Threshing Mach. Co., 11 N. D. 249, 91 N. W. 59; Ross v. Robertson, 12 N. D. 27, 94 N. W. 765; Patch v. Northern Pac. Ry. Co., 5 N. D. 55, 63 N. W. 207.

When it is uncertain upon which of several grounds a new trial is granted if either is sufficient, the order will be sustained. Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314.

SPALDING, J. The plaintiff was injured by the collision of a caboose in which he was riding, with other cars, at the city of Grafton, in this state, on the 19th of July, 1904. This action was brought for the purpose of recovering damages for the injuries which he sustained, and especially for the loss of hearing in one ear, claimed to be the result of such accident. No claim was made in the complaint for any loss of time, and the only evidence set out relating to loss of time resulting from the accident is found in the question: "How long did it affect your capacity to work?" And the plaintiff answered: "Upwards of two months it bothered me, or thereabouts." The record contains no evidence as to the value of his time or services, or any other information from which it could be even approximately ascertained. The court instructed the jury, among other things, that, if they found the plaintiff entitled to recover damages, they had a right to take into consideration the loss of time, if any, the plaintiff had suffered. To this portion of the charge the defendant excepted. The jury returned a verdict for the plaintiff in the sum of $900, and the defendant moved for a new trial, on the ground of errors occurring at the trial, among others being the instruction of the court to the jury relating to the loss of time of the plaintiff. The trial court granted the motion for a new trial without specifying the grounds upon which its order was based.

We do not know on what assigned error the trial court granted the motion for a new trial. It may have considered only one as sufficient, or it may have thought a combination of errors necessary. We, however, shall only consider one of the several assigned on the motion, as in our view of the case that furnished sufficient reason for granting defendant's motion. It is clear to us that it was justified in granting a new trial for its error in instructing the jury to take into consideration the loss of time occasioned plaintiff by the accident, at least without limiting its finding for such loss to nominal damages only. Nominal damages are the most that the courts allow in such cases without evidence of the nature of the occupation of the injured party, the value of his time, and such other facts as may throw light on this element

of damage. No evidence was submitted to show any of these things, and the jury was thrown upon its own resources in arriving at the measure of compensation for this item, and its action of necessity became mere guesswork. It is argued that the amount of the verdict was not excessive, and therefore it was not error. Neither the trial court nor this court has any means of determining the amount the verdict was increased by reason of this portion of the charge, and it cannot assume that only nominal damages were allowed. The court was not justified in instructing the jury to consider something which it could only do by mere inference. It is the province of the trial court to instruct the jury on the law as it relates to the facts disclosed by the evidence under the pleadings, and we cannot say that the jury was not misled by this instruction, or that it did not increase the allowance in the verdict by more than nominal damages for loss of time. If instructions to consider matters neither pleaded nor in evidence are proper, the rules of evidence may as well be wiped off the books. This is elementary, but we cite a few authorities. Leeds v. Metropolitan Gaslight Company, 90 N. Y. 26, is directly in point, and in that case the judgment of the trial court was reversed for error in instructing the jury that the plaintiff was entitled to recover for loss of time when no facts on which to base the value of the time had been shown, and the court says: "When actual pecuniary damages are sought, some evidence must be given showing their existence or extent. If this is not done, the jury cannot indulge in an arbitrary estimate of their own." Sedgwick on Damages, sections 180, 483; Smith v. Evans, 13 Neb. 314, 14 N. W. 406; Esterly Harv. Machine Company v. Frolkey, 34 Neb. 110, 51 N. W. 594; Galveston, H. & S. A. R. Co. v. Thornsberry (Tex.) 17 S. W. 521; 5 Am. & Eng. Enc. Law, 718.

The appellant attempts to distinguish between a charge to find a verdict for loss of time and one, as in the case at bar, to "consider loss of time," in determining the amount of damages. He does not contend that the former would be permissible. We are unable to discover a distinction. The case was being tried to determine whether plaintiff had been injured by defendant's negligence, the jury was there to find the facts as disclosed by the evidence and fix the damages, the court to instruct the jury as to the law, and an instruction to consider loss of time in arriving at the damages in dollars and cents could have but one mean-

ing and the jury could have drawn only one conclusion from it, and this would be that the jurors should, regardless of the lack of evidence on the subject, give damages for loss of time, and that such damages should be arrived at, not from the evidence before them, but from their own ideas, with no legal grounds disclosed on which an award could be supported. The court had not instructed them on the distinction between nominal and actual damages, and they were left to guess or speculate as to the compensation for the loss of time.

The order of the district court is affirmed, with costs. All concur.