Joslin v. Miller.

EDMUND JOSLIN, APPELLANT, V. ROSWELL D. MILLER, ET AL., APPELLEES.

|    |    |
|----|----|
| 14 | 91 |
| 19 | 38 |
| 14 | 91 |
| f47 | 121 |
| 14 | 91 |
| 52 | 467 |
| 14 | 91 |
| 61 | 57 |

1. **Promissory Note:** LEX LOCI. A promissory note made in Nebraska, but payable in New York, *Held,* That its validity is to be determined by the laws of Nebraska.

2. **Usury.** A party who makes a usurious loan through an agent takes the contract subject to all the instrumentalities employed by the agent in its consummation.

APPEAL from the district court of Colfax county. Tried below before POST, J.

*Hull & Stearns,* for appellant.

*Phelps & Thomas,* for appellees.

MAXWELL, J.

This is an action to foreclose a mortgage. The following is a copy of the promissory note which the mortgage was given to secure:

"$400.          LEIGH, NEBRASKA, April 1st, 1876.

"Value received on the first day of April, 1881, I promise to pay Edward Joslin, or order, four hundred dollars, with interest from date until paid at ten per cent per annum, as per coupons attached at the office of the Corbin Banking Company, 61 Broadway, New York City; until paid, interest shall bear interest at ten per cent per annum. On failure to pay interest within five days after due the holder may collect principal and interest at once.

"ROSWELL D. MILLER."

The defendant, Miller, in answer to the petition, alleges in substance that he received but $340, sixty dollars being retained by Perkins & Newton and the Corbin Banking Company as commissions, and that said parties were the agents of the plaintiff. He also pleads payment of the sum

of $110. There is also an allegation that the contract is to be governed by the laws of New York, and that by the laws of that state there can be no recovery whatever on the note, the contract being void for usury. The defendants, other than Miller, are lienholders on the mortgaged premises. The case was referred by consent to Hon. W. H. Munger, who heard the testimony and found as follows:

"The undersigned referee, to whom the above cause was referred as sole referee to try the issues, fixed on the ——— day of ———, 1882, at Lincoln, Nebraska, as the time and place for the trial of said cause, and notified the parties thereof. At the time and place the parties appeared by their attorneys, and after hearing the evidence I do find:

" *First.* That the defendant Roswell D. Miller executed the note and mortgage in plaintiff's petition mentioned.

" *Second.* That the defendant Roswell D. Miller only received the sum of $340 on said note and mortgage.

" *Third.* That the plaintiff paid the full sum of $400 for said note and mortgage.

" *Fourth.* That the sum of $60, a part of said sum of $400 paid by the plaintiff, was retained by Messrs. Perkins & Newton and the Corbin Banking Company, as their commissions for their services in the matter of the loan from plaintiffs to defendant Roswell D. Miller, for which said note and mortgage mentioned in plaintiff's petition were given.

" *Fifth.* That defendant Roswell D. Miller obtained said loan, for which said note and mortgage was given, through the Corbin Banking Company of New York.

" *Sixth.* That said Corbin Banking Company in making said loan was agent for plaintiff.

" *Seventh.* That defendant Roswell D. Miller has paid on said note and mortgage the sum of $110.

" *Eighth.* That the defendants L. W. White & Co., Hughes & McKenzie, O. I. & L. C. Smith, Adolph Dworak, Frank H. Manny, who have answered, setting up their

cross-bills, are entitled to a decree for the amount due as stated in their answers.

"*Ninth.* That the priority of liens are as follows: 1st, Plaintiffs; 2d, L. W. White & Co.; 3d, Hughes & McKenzie; 4th, O. I. & L. C. Smith; 5th, Adolf Dworak and the defendants in amount as stated in their several answers and cross petitions.

"*Tenth.* That defendants recover costs of this action, except costs of defendants' filing cross bills, which should be taxed to defendant Roswell D. Miller.

"*Eleventh.* That said loan from plaintiff to defendant Roswell D. Miller was usurious."

Exceptions were filed to the report, which were overruled and a decree entered on the findings. The plaintiff appeals to this court. In the argument of the case the attorneys for the appellee insisted very strenuously that the contract was to be governed by the laws of New York, and that as by the laws of that state, which are set out in the answer, a usurious contract is void, therefore the plaintiff is not entitled to recover. The same question on substantially the same facts was before this court in the case of *Olmstead v. N. E. Mtge. Co.,* 11 Neb., 493, and it was held that the validity of the contract was to be determined by the laws of this state and not of New York. And we adhere to that decision.

Is the report of the referee sustained by the testimony? We think it is. It is true the plaintiff swears that the Corbin Banking Company was not his agent, and such agency is attempted to be denied by the Banking Company, but F. W. Dunton, the cashier of the Corbin Banking Co., on cross-examination testified as follows:

Q. Is this the only money that the plaintiff ever loaned through the agency of the Corbin Banking Company?

A. We have negotiated other applications than this with him.

Q. Had he similar loans through your company previous to this loan to Miller?

A. We had negotiated applications with him previous to this negotiation.

Q. About how many?

A. I should say twenty.

Q. In what amount in the aggregate?

A. Perhaps ten thousand dollars.

Q. How many since the loan to Miller?

A. I think none at all.

This, with the other testimony, which we will not review at length, clearly establishes the fact that the Corbin Banking Company was the agent of the plaintiff for the purpose of loaning the $10,000, of which the money borrowed by Miller was a part.

The statute fixes the maximum rate of interest and declares the penalty of taking a greater rate—the loss of all interest. It applies to all persons loaning money. The language is: "If in any action on such contract proof be made that illegal interest has been directly or indirectly contracted for or taken or reserved, the plaintiff shall only recover the principal without interest," etc. The plaintiff therefore who affirms a contract made for him by his agent must adopt all the instrumentalities employed by his agent to bring it to a consummation. *N. E. Mtge. Sec. Co. v. Hendrickson*, 13 Neb., 575. *Elwell v. Chamberlain*, 31 N. Y., 619. *Fuller v. Wilson*, 3 Ad. & E. (N. S.), 56. *Nat. Exp. Co. v. Drew*, 32 Eng. Law and Eq., 1. The reason is, the law will not permit the principal to adopt that which he thinks is beneficial and reject the remainder. The contract must be adopted as a whole. With what reason therefore can a party say that a contract which he affirms, made for him by an agent whom he authorized to loan his money, is not usurious because *he* has not received directly an amount in excess of the legal interest? The person authorized by him to make the loan, however, did receive

such excess, and that was a portion of the contract by which the loan was effected.

The statute is clear and unambiguous, and applies to all persons loaning money. To permit an agent to charge a rate of interest in excess of what his principal could do, would practically abolish the law regulating the rate of interest and offer a premium for devices and subterfuges for the evasion of the statute. It is clear that the referee's report is sustained by the weight of evidence, and the decree must be affirmed.

JUDGMENT AFFIRMED.