KANSAS MANUFACTURING COMPANY, PLAINTIFF IN ERROR, V. JACOB WAGONER, DEFENDANT IN ERROR.

1. **Principal and Agent:** SALE BY AGENT: PAYMENT: EVIDENCE. Plaintiff brought an action against defendant for the purchase price of a wagon, which it alleged it had sold to defendant. The defense pleaded by the answer was, that defendant had purchased the wagon from plaintiff's agent not knowing of his agency, but believing the wagon belonged to the vendor ; that he had paid therefor, with the exception of twenty-five dollars, for which he offered to let judgment be rendered in favor of plaintiff. It was shown that the agent was deceased. On the trial the court permitted defendant when upon the witness stand to state the contract of purchase from the deceased, plaintiff at the time objecting. *Held*, No error, and not a violation of the provisions of section 329 of the civil code ; plaintiff not being in any sense the representative of a deceased person in the suit.

2. ———: TRIAL : EVIDENCE. Upon the introduction of plaintiff's evidence in chief, it produced evidence tending to show that its agent, who was deceased, conducted his business as an agency, and not in his own name. This evidence was met by defendant with testimony which tended to show otherwise, and that to all appearances the deceased had conducted the business as his own. On rebuttal, plaintiff offered additional testimony tending to support his theory of the case in that particular, which, upon objection being made, upon the ground that the testimony offered was not proper as evidence in rebuttal, was excluded by the court, *Held*, No error.

ERROR to the district court for Platte county. Tried below before MARSHALL, J.

*W. M. Cornelius* and *Lamb, Ricketts & Wilson*, for plaintiff in error, cited: *Wamsley v. Crook & Hall*, 3 Neb., 344. *Andrews v. National Bank*, 7 Hun, 20. *Hollister v. Barrows*, 41 Vt., 156. *Ransom v. Schmela*, 13 Neb., 73 and 298. *Bancroft v. Sheehan*, 21 Hun, 550. *Chadbourn v. Franklin*, 5 Gray (Mass.), 312. Story on Agency, Sec. 78. Wharton an Agency, Secs. 194, 744.

*Sullivan & Reeder*, for defendant in error.

REESE, CH. J.

Plaintiff in error, by its petition filed in the district court, alleged, in substance, that it was a corporation duly organized under the laws of the state of Kansas, and that on or about the 1st day of April, 1886, it sold and delivered to defendant one combination spring wagon, for which defendant agreed to pay the sum of $100; that no part of said sum had been paid; and that there was due from defendant to plaintiff the sum of $100, with interest from April 1, 1886, for which judgment was prayed.

Defendant answered, denying the allegations of the petition as to the sale, and alleging that he bought the wagon referred to in the petition from one George Yale, who at the time was doing business, in his own name, as a dealer in farm machinery, buggies, wagons, etc., in the city of Columbus, and that at said time the wagon was in Yale's possession, who was the apparent, and claimed to be the real, owner thereof, and defendant believing that Yale was the sole owner of the wagon, and with no knowledge that any one else claimed an interest in or

ownership of the same, purchased it from Yale, who was indebted to him in the sum of $25 ; that the purchase price of the wagon was $85, from which the $25 of indebtedness was deducted, and it was agreed that at least one-half of the purchase price should be paid in " livery," to be furnished to Yale by defendant; that he furnished livery to the amount of $26.50, and paid $10 in cash, all of which was done before defendant had any knowledge of plaintiff's alleged interest in the wagon, or his claim of title. Defendant offered to allow judgment to be taken against him for the sum of $25.

The reply consisted of a general denial.

A trial was had to a jury, which returned a verdict in favor of plaintiff in error for $25, for which judgment was rendered. Plaintiff alleges error, and brings the cause into this court for review.

The contract, under which it is claimed the wagon was furnished to Yale by plaintiff, is attached to the bill of exceptions, and is of too great a length to be here copied. It must be sufficient to say that it was, in substance, the usual agent's contract for the sale of machinery, providing that the title should remain in principal, that the agent should sell the same on commission, guarantee the notes taken, if any, take proper care of the material furnished him, etc.

The agent of plaintiff, Mr. Welch, was called as a witness, who testified to the execution of the contract by Yale, and that sometime thereafter he was in Columbus, and was informed of the sale of the wagon to defendant; that he, in company with Mr. Yale, called upon defendant, when defendant agreed to execute a note to plaintiff for $100, the price of the wagon, but declined to do so until certain defects in the wagon were remedied, which was done, but that he afterwards refused to execute the note. This conversation was denied by defendant absolutely. He was then asked to state the contract by which he purchased the

wagon from Yale, which he did, over the objection of plaintiff, and this is the first error assigned.

It is claimed that the testimony of defendant, in which he detailed the contract between himself and George Yale (Yale being deceased), should not have been admitted, for the reason that the same is prohibited by section 329 of the civil code. This section provides, in substance, that no person having a direct legal interest in the result of any civil action or proceeding, where the adverse party is the representative of a deceased person, shall be permitted to testify to any transaction or conversation had between the deceased person and the witness, unless the evidence of the deceased person shall have been taken and read in evidence by the adverse party in regard to such transaction or conversation, or unless such representative shall have introduced a witness who shall have testified in regard to such transaction or conversation, etc.

We are unable to see that the court erred in its rulings in that particular.

There is nothing in the petition which discloses the fact that plaintiff brings its action as a representative of Yale. In fact, it appears that such is not the case. The action is founded on an alleged contract between plaintiff and defendant, the allegation being that plaintiff, by its agent, Yale, sold and delivered the wagon to defendant. If defendant had purchased the property from Yale, believing it to have been his (Yale's) property, as he testified, we can see no reason why he could not testify to that fact when sued for its price by a third party.

In the outset of the trial plaintiff's agent, Welch, was called upon the stand, who testified that Yale was engaged in business solely on commission; that he was a man without means, and had no goods of his own for sale; that he was furnished a sign by plaintiff, which he was directed to put across the sidewalk in front of his office, and that upon that sign were printed the words, "Agency of the Caldwell Wagon—George Yale, Agent."

A number of witnesses were called by defendant, who testified, in substance, that to all appearances Yale had carried on business in his own name, and in his own behalf; that when sales were made he took notes in his own name, and seemed to be doing business in that way.

After the testimony on the part of defendant was closed, plaintiff sought to enter again upon the investigation of the manner in which Yale was doing business, the appearance of his place of business, from signs and otherwise, which, upon objection, we think was properly excluded. Plaintiff seems to have taken the burden in this respect in the first stages of the trial, and it could not properly be permitted to go over the same ground, as in rebuttal.

It is insisted that Yale had no power to barter the goods, and that he could sell plaintiff's goods only for money, and could not turn them out to pay his own debts. There can be no doubt of this proposition. And had defendant purchased the wagon in the manner detailed by him, knowing that it was the property of a third party, left for sale, plaintiff might have had a cause of action against him, either in replevin or for the conversion of the property. But that is not this case.

Plaintiff, by its petition, assumes the attitude of saying it is true that Yale sold this wagon to defendant; it is true that defendant has, in part, paid the purchase price; but that sale not having been made in accordance with the authority of the agent, we will affirm it to the extent of the sale, but disaffirm it so far as the payment was concerned. This they could not do. *Chariton Plow Co. v. Davidson,* 16 Neb., 377.

Complaint is made of an instruction given to the jury by the court, upon its own motion, but as no exception was taken, the instruction cannot be noticed.

Certain instructions were asked by plaintiff, which the court refused to give, and to which refusal plaintiff excepted. It is not deemed necessary to set out these in-

structions at length, as they have been virtually disposed of by what we have hereinbefore said.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.