A. B. JOHNSON ET AL. V. JOHN H. CHILSON.

[FILED APRIL 8, 1890.]

1. **Negotiable Instruments:** INDORSEMENT AS COLLATERAL: ACTION BY PLEDGOR. In an action by J. H. C. against A. B. J. and H. P. J., the cause of action set out in the petition was a a promissory note executed and delivered by defendants to plaintiff. The answer of defendants alleged that prior to the commencement of the action the plaintiff was indebted to T. & B. in a sum greater than the sum due on said note, and that plaintiff, to secure said sum to T. & B., indorsed the said note in blank and delivered it to T. & B. as collateral security for his said indebtedness, and that at the time of the commencement of the action the note still remained in the hands of T. & B. as collateral se-

curity for said indebtedness, and that defendants were duly notified thereof. A general demurrer to the answer was sustained. *Held*, Error.

2. ———: CONSIDERATION: DISEASED ANIMALS: In the action above described defendants also answered as a second defense that the note sued on was given plaintiff by defendants for the purchase price of a certain horse bought by defendants of the plaintiff; that said horse was at the time affected with the glanders, an infectious and contagious disease, as the plaintiff well knew, and the defendants did not know, etc. A general demurrer to this defense was sustained. *Held*, Error.

ERROR to the district court for Boone county. Tried below before TIFFANY, J.

*I. L. Albert*, for plaintiffs in error, cited as to the first defense: *State Sav. Ass'n v. Hunt*, 17 Kan., 533; *Best v. Crall*, 23 Id., 482; *Griswold v. Davis*, 31 Vt., 390; *Myers v. South Feather Water Co.*, 10 Cal., 579; *Gillespie v. Ft. Wayne & Southern R. Co.*, 12 Ind., 398; as to the second defense: *Kittle v. DeLamater*, 3 Neb., 325; *Hoffman v. Leibzarth*, 51 Ia., 711 [2 N. W. R., 518]; *Solomon v. Dreschler*, 4 Minn., 197; see also *Marsh v. Webber*, 16 Minn., 418; *Salomon v. Van Praag*, 48 How. Pr. [N. Y.], 338; *Fultz v. Wycoff*, 25 Ind., 321; *Jeffrey v. Bigelow*, 13 Wend. [N. Y.], 518; Comp. Stats., ch. 4, sec. 13; Crim. Code, sec. 76.

*Charles Riley*, contra, cited: *Poree v. Bonneval*, 6 La. Ann., 386 [96 Am. Dec., 364].

COBB, CH. J.

The plaintiff below brought suit in the district court on the defendant's promissory note:

"$130.          BOONE, NEB., February 15, 1888.

"Ten months after date, for value received, we, or either of us, promise to pay to the order of John H. Chilson one hundred and thirty dollars. Payable at Albion, with-

out interest if paid when due; if not, with interest at ten per cent per annum from date. Interest payable annually, and defaulting interest to draw the same rate of interest as principal. The makers, indorsers, and guarantors of this note hereby severally waive presentment of payment, notice of non-payment, protest and notice of protest, and sureties consent that time of payment may be extended without notice.                                  A. B. JOHNSON.
                                                          "H. P. JOHNSON."

Alleging that no part of the note has been paid, that there is due the plaintiff thereon $130, with interest from February 15, 1888, and asks judgment.

The defendants answered, setting up for defense:

1st. That at the commencement of the action the note in question was in the hands of a third party as collateral security to an indebtedness owing to said third party from the defendant in error.

2d. That plaintiffs in error executed said note to defendant in error for the price of a horse bought by them of defendant in error; that said horse was the sole and only consideration for said note, and that the said horse, at the time of the sale, unbeknown to them, but well known to the defendant in error, was affected with glanders, an infectious and contagious disorder, by reason of which plaintiffs in error sustained damages, for which they prayed judgment.

To the defenses stated, the defendant in error demurred on the ground that they, nor either of them, stated facts sufficient to constitute a defense, which demurrer was sustained by the court, and the plaintiffs in error electing to stand on their answer, and refusing to further plead, the court rendered judgment against them for the full amount claimed in the petition, and the plaintiffs in error now prosecute their petition in error to this court.

The first defense set up in the answer is, substantially, that the action is not brought in the name of the real party in interest, the plaintiff having indorsed and delivered the

note to Thompson and Baker as collateral security for a debt owing by him to them. This was a good defense to the action. If the note had been indorsed back to the plaintiff by Thompson and Baker, that fact should have been set up in the petition as the correct practice. Possibly if the note had been returned to the plaintiff at the time of the trial, and the indorsement erased, the action could be maintained, but in that case such facts should have been set up in a reply. As the pleadings stood, this answer was not demurrable.

The second defense was also good. The statute in two separate provisions makes it unlawful and.a finable offense for any person in this state to sell a glandered horse. One of the provisions, sec. 13, chap. 4, Comp. Stats., is absolute; the unlawfulness of the act of selling not depending upon the knowledge of the seller or the want of knowledge on the part of the buyer. The second provision, sec. 76 of the Criminal Code, which applies to the selling of any domestic animal infected with contagious or infectious disease, makes the offense depend upon the want of knowledge or notice on the part of the buyer, and upon general principles the criminality of the act depends upon knowledge, or in some cases, criminal ignorance, on the part of the seller. But the answer alleges that the horse, which was the sole consideration for the note, was at the time of the sale thereof affected and diseased with the glanders, an infectious and contagious disease, which fact was known to the plaintiff and unknown to the defendants. I have no doubt that the facts set up in the second special defense, or third clause of the answer, constituted a defense to the action, it being brought by the payee. The demurrer to said defense was therefore erroneously sustained.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.

THE other judges concur.