FARMERS & MERCHANTS BANK OF ELK CREEK, NE-
BRASKA, ET AL. V. FARMERS & MERCHANTS NA-
TIONAL BANK OF AUBURN, NEBRASKA.

FILED OCTOBER 7, 1896.   No. 6779.

1. **Principal and Agent:** DISAFFIRMANCE. A principal must disaffirm
   the unauthorized act of his agent within a reasonable time after
   such act comes to his knowledge, or he will be bound thereby.

2. ———: ———. A principal will not be permitted to adopt the bene-
   ficial part of an unauthorized contract made by his agent and re-
   ject the remainder.

3. ———: ———: TIME. A principal sued upon an unauthorized con-
   tract made by his agent may on the trial of the case disaffirm the
   agent's act, if at that time such act is first brought to his knowl-
   edge.

ERROR from the district court of Johnson county.
Tried below before BUSH, J.

*J. Hall Hitchcock* and *E. W. Thomas,* for plaintiffs in
error.

*Davidson & Giffen, contra.*

RAGAN, C.

On and prior to April 28, 1892, one Russell and one
Holmes were copartners and conducting a banking busi-
ness at Elk Creek, Nebraska. This copartnership will
hereinafter be called the "Elk Creek Bank." While the
Elk Creek Bank was doing business it borrowed of the
Farmers & Merchants National Bank of Auburn, Ne-
braska, hereinafter called the "Auburn Bank," $1,000,
for which it executed and delivered to the Auburn Bank
its note, and secured the payment of the same by the de-
posit with the Auburn Bank of certain bills or notes be-
longing to it, the Elk Creek Bank. About the 28th of
April, 1892, a corporation, the Farmers & Merchants
Bank of Elk Creek, Nebraska, hereinafter called the

"Farmers Bank," was organized for the purpose of conducting a banking business at Elk Creek, Nebraska. It bought a part of the assets of the Elk Creek Bank, including its furniture and fixtures, and conducted its banking business in the banking house formerly occupied by the Elk Creek Bank, and Holmes became the cashier of the Farmers Bank. On the 24th of January, 1893, the cashier of the Farmers Bank, without the authority or knowledge of the Farmers Bank, caused the Auburn Bank to surrender to the Farmers Bank the note of the Elk Creek Bank and the collateral pledged to secure its payment, and in lieu of said note and collateral Holmes executed and delivered to the Auburn Bank the note of the Farmers Bank for $1,000, due six months after date. About the 1st of March, 1893, the Farmers Bank suspended business and its effects were placed in the hands of a receiver by an order of this court, and thereupon the Farmers Bank as principal and a number of gentlemen as sureties made and delivered to the attorney general of the state a bond conditioned if the supreme court would make an order discharging said receiver that they would pay all the debts of the Farmers Bank within six months after March 1, 1893. This court made the order discharging the receiver, and the note held by the Auburn Bank remaining unpaid, it brought suit on said bond to recover the amount due it on said note. A jury was waived by the parties and the case tried to the court, which made a finding for the Auburn Bank, upon which judgment was rendered, to reverse which the Farmers Bank and the sureties on the bond aforesaid have prosecuted to this court a petition in error.

The only assignment of error argued in the brief is that the finding on which the judgment of the district court was based is unsupported by sufficient evidence. The uncontradicted evidence is that the debt sued for was not originally the debt of the Farmers Bank, but the obligation of the Elk Creek Bank, and that the cashier

of the Farmers Bank, in taking up the note of the Elk Creek Bank and giving the obligation of the Farmers Bank therefor, was unauthorized and without authority; but the learned district judge was of opinion that the Farmers Bank had ratified the act of its cashier and, therefore, was liable in this action, and whether the evidence is sufficient to sustain this finding is the only question presented by this record.   The rule is that a principal must disaffirm the unauthorized act of his agent within a reasonable time after such act comes to his knowledge or he will be bound thereby, and a principal will not be permitted to adopt that part of a contract made by his agent which is beneficial to him and reject the remainder.   (*Esterly Harvesting Machine Co. v. Frolkey*, 34 Neb., 110; *Johnston v. Milwaukee & Wyoming Investment Co.*, 49 Neb., 68.)

The evidence in the record shows, without conflict, that the Auburn Bank, to secure the payment of the note of the Elk Creek Bank, held a number of collateral notes; that when the cashier of the Farmers Bank caused the surrender to it of the note held by the Auburn Bank, he took up these collateral notes and, after canceling the original note of the Elk Creek Bank and delivering the note of the Farmers Bank in its stead, he turned over said collateral notes to the Farmers Bank and that it has since retained them.   As already stated, all these acts were without the knowledge or consent of the Farmers Bank, and in performing them Holmes as cashier exceeded his authority.   It does not clearly appear when the Farmers Bank first became aware of the transaction made the subject-matter of this suit; but if it was not aware of the action of its cashier before, it learned at the time of the trial for what purpose the note in suit had been given by its cashier, and it then learned that the collateral notes pledged to secure the note of the Elk Creek Bank had been turned over to it, the Farmers Bank, and that they were still in its possession.   It was not too late even then for the Farmers Bank to disaffirm

the act of its cashier if it at that time first became aware of such act; and if it then desired to disaffirm the act of its cashier, it should on the trial have amended its answer and set out what Holmes had done, that his acts were unauthorized, and that it had then for the first time discovered that it held the collateral notes which had been surrendered by the Auburn Bank and returned ·or offered to return them or their proceeds to the Auburn Bank. Not having done this, or attempted to do it, we are of opinion that the district judge was right and that the Farmers Bank, by retaining the collateral surrendered by the Auburn Bank at the time the note in suit was given to it, thereby ratified the act of its cashier, and the judgment is

AFFIRMED.