## D. M. OSBORN COMPANY v. T. JORDAN.

FILED OCTOBER 20, 1897.   No. 7515.

1. **Principal and Agent: RATIFICATION OF UNAUTHORIZED ACTS.** One is not permitted to ratify an unauthorized act in so far as it operates to one's advantage and repudiate it in so far as it imposes burdens. If one avail oneself of the fruits of an act one thereby charges himself with the burden of all the instrumentalities employed by the agent to effect his purpose.

2. ——: ——: ESTOPPEL. Rule applied where plaintiff sued on a note given for a machine, the defense being breach of warranty, and the plaintiff seeking to avoid the warranty by showing that the agent who took the note and gave the warranty as an inducement to its execution was without authority so to do.

34

ERROR from the district court of Greeley county. Tried below before KENDALL, J. *Affirmed.*

*T. T. Bell* and *J. R. Hanna,* for plaintiff in error.

*T. J. Doyle, contra.*

IRVINE, C.

The D. M. Osborn Company sued Jordan on a promissory note. Jordan admitted its execution and pleaded that it was given in consideration of a sale of a harvesting machine, which the plaintiff at the time warranted to be good and perfect and to do as good work as any machine made; that the plaintiff further agreed to send an expert to put the machine in order before the next ensuing harvest, and to furnish all needed repairs; that the note was made relying on such warranty and agreement; that the machine was not good and would not do good work and was without value, and that the plaintiff failed to perform its agreement with regard to repairing the machine. In the district court there was a verdict and judgment favorable to the defendant, and plaintiff prosecutes error.

The first complaint made is that the verdict is contrary to law and is not sustained by the evidence. The defendant's theory was that the machine had been first sold to defendant's son, and certain overdue notes given by him in payment therefor being in the hands of one W. L. Thompson for collection, the defendant agreed with Thompson to himself take the machine on Thompson's making the warranty and agreement pleaded. He thereupon gave the note, and the machine was delivered to him. The evidence on his part fairly tends to support this theory. The plaintiff's theory was that Thompson, as its collecting agent, took the note by way of security and extension of time of payment of the son's debt; that no sale was made to defendant, and that Thompson was without authority to make either the warranty or the

contract relied on, and did not, in fact, make either. The evidence on plaintiff's part fairly tends to support this theory. The particular in which it is claimed that the evidence is insufficient to support the verdict is in regard to Thompson's authority. It is true that the evidence without contradiction shows that Thompson was merely the attorney of the plaintiff employed to collect the debt, and had no authority except that implied from such relationship. But from this same evidence it follows that Thompson was equally without authority to resell the machine, or to extend the time of payment and accept the defendant's note. The plaintiff is here retaining the note and seeking to enforce it. One is not permitted to ratify an unauthorized act in so far as it operates to one's advantage, and repudiate it otherwise. If one avail himself of the fruits of an agent's acts, he likewise charges himself with the burden of all the instrumentalities employed by the agent to effect the purpose. (*Sycamore Marsh Harvester Mfg. Co. v. Sturm*, 13 Neb., 210; *Joslin v. Miller*, 14 Neb., 91; *McKeighan v. Hopkins*, 19 Neb., 33; *Esterly v. Van Slyke*, 21 Neb., 611; *Rogers v. Empkie Hardware Co.*, 24 Neb., 653; *Kansas Mfg. Co. v. Wagoner*, 25 Neb., 439; *Esterly Harvesting Machine Co. v. Frolkey*, 34 Neb., 110; *Leavitt v. Sizer*, 35 Neb., 80; *Morrow v. Jones*, 41 Neb., 867; *Farmers and Merchants Bank of Elk Creek v. Farmers and Merchants Nat. Bank of Auburn*, 49 Neb., 379; *Johnston v. Milwaukee & Wyoming Investment Co.*, 49 Neb., 68.) It follows that the plaintiff while suing to enforce the note, cannot be heard to say that the inducements held out to procure it were unauthorized.

It is claimed that the court erred in excluding portions of the deposition of Thompson. The objection and ruling are both somewhat vague, and it is impossible to determine just what portion of the deposition was excluded. We cannot see, however, that any evidence which could possibly have been deemed to fall within the objection was material to the only essential controverted issue,— the fact of the warranty and contract to repair.

Complaint is also made of the refusal of an instruction relating to Thompson's authority. Its substance was, we think, covered by instructions given. But as the real principle to be applied was, as we have seen, one of ratification and estoppel, rather than original authority, it was not error to withhold instructions on the latter question.

AFFIRMED.