UNITED STATES SCHOOL-FURNITURE COMPANY V. SCHOOL DISTRICT NO. 87, LANCASTER COUNTY.

FILED NOVEMBER 17, 1898.  No. 8461.

1. **Unauthorized Acts of Agent: RATIFICATION BY PRINCIPAL.** The unauthorized transaction of an agent must be either adopted or rejected, by his principal, as a whole. Incident to the acceptance of the benefits of an agency is the assumption of its burdens.

2. ——: ——. A principal will generally be held to have ratified the unauthorized acts of his agent by knowingly accepting and retaining the benefits of such acts.

3. **Harmless Error.** Where the verdict returned is clearly right and is the only one warranted by the evidence, the judgment will be affirmed, although errors may have intervened at the trial.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J.  *Affirmed.*

*Cobb & Harvey, William B. Price,* and *Billingsley & Greene,* for plaintiff in error.

*Kelley & Browne, contra.*

Sullivan, J.

In the district court of Lancaster county the plaintiff in error sued the defendant school district upon a written contract for the sale of certain school furniture. The answer alleged payment. The jury found in favor of the defendant, and to reverse a judgment rendered on the verdict the plaintiff prosecutes error to this court. About the essential facts there is no dispute. The contract in question was executed for the plaintiff by its authorized agent, J. M. Murdock. It provided that the furniture should be "delivered, set up in schoolhouse," and that payment therefor should be made in cash or by warrants bearing seven per cent interest. In due time the furniture was shipped from the factory in Burlington, Iowa, to Lincoln, Nebraska, where, on direction of the plaintiff, it was turned over to Murdock, and was by him delivered and set up according to the terms of the contract. The school district thereupon, in partial performance of its part of the agreement, paid to Murdock the sum of $533.55. Out of this money Murdock paid certain freight charges, drayage, and the expense of setting the furniture in place. The balance he seems to have appropriated to his own use.

The defendant contends that the furniture company, with full knowledge of the material facts, ratified and approved the act of its agent in collecting the money due to it from the school district. We think this contention is sustained by the undisputed proof. The plaintiff authorized Murdock to deliver the furniture and set it up in the schoolroom. In doing this it was necessary that he should pay freight charges, drayage, and other expenses. With the money obtained from the defendant he paid these charges and advised his principal of the fact. His principal found no fault and made no objection. It cheerfully acquiesced in this part of the transaction, and has not at any time offered to reimburse the defendant to the extent that the money collected was

applied to its use and for its benefit. Even at the trial it did not offer to credit the school district with the amount so applied. Having determined to sue for the full contract price of the furniture, it was certainly the plain duty of the furniture company to tender back to the defendant so much of the money paid to Murdock as had been necessarily expended by him in performing the conditions of the contract. The retention of such money, while attempting to coerce payment of the entire sum for which the furniture was sold, puts plaintiff in the incongruous attitude of holding fast to the fruits of an agency while insisting that the agency never existed. This it cannot do. A principal must adopt the acts of his agent as a whole. He will not be permitted to retain the part which is beneficial and reject that which is not. (*Rogers v. Empkie Hardware Co.*, 24 Neb. 653; *Kansas Mfg. Co. v. Wagoner*, 25 Neb. 439; *Waterson v. Rogers*, 21 Kan. 529.) The plaintiff, by its conduct, clearly ratified the acts of Murdock so far as they were advantageous to it, and that, in contemplation of law, amounted to a ratification of the entire transaction. In *Johnston v. Milwaukee & Wyoming Investment Co.*, 49 Neb. 68, the facts being quite similar to those in the case at bar, the present chief justice delivering the opinion said: "The principal, after knowledge of the facts, must return, or tender a return, of the proceeds or benefits received by him by virtue of the unauthorized acts of the agent, or be held to have ratified the acts; and this applies to corporations as principals, equally as to persons." And in *Hughes v. Insurance Co. of North America*, 40 Neb. 626, the same principle was announced by RAGAN, C., as follows: The acceptance or retention by the principal, after knowledge of the facts, of the fruits of an unauthorized act of an agent is a ratification of the agent's act, and it relates back to the time of the act and makes it as if the agent had been empowered to perform it at its date, and the principal is bound in all respects as if he himself had been the actor. Other evidence tending to establish ratifica-

tion is contained in letters written by the plaintiff to Murdock and to the school district, but a discussion of such evidence would be unprofitable in view of the conclusion already reached. Although errors may have intervened at the trial, the verdict returned was the only one warranted by the proofs, and the judgment is therefore

AFFIRMED.