WARDER, BUSHNELL & GLESSNER COMPANY v. ISAAC MYERS ET AL.

FILED OCTOBER 7, 1903.    No. 13,121.

</div>

1. **Answer: SUFFICIENCY.** Answer examined, and *held* to state a defense to the cause of action set forth in the petition.

2. **Action for Money Had and Received.** Where money is paid on a contract the consideration of which has wholly failed, a recovery may be had as for money had and received.

3. **Principal and Agent: CONTRACT: RATIFICATION.** One is not permitted to ratify an unauthorized act in so far as it operates to his advantage and repudiate it in so far as it imposes burdens. If one avail himself of the fruits of an act, he thereby charges himself with the burden of all the instrumentalities employed by the agent to effect his purpose. *Osborn Co. v. Jordan,* 52 Neb. 465.

4. **Instructions.** Instructions examined, and the giving of the same *held* without prejudicial error.

5. **Findings: EVIDENCE.** Where disputed questions of fact are determined by a jury on fairly conflicting evidence, its findings thereon become conclusive.

6. **Rulings.** Rulings of the trial court on the admission and rejection of evidence *held* to be without prejudicial error.

ERROR to the district court for Webster county: ED L. ADAMS, JUDGE. *Affirmed.*

· *George R. Chaney,* for plaintiff in error.

*E. U. Overman, contra.*

HOLCOMB, J:

The plaintiff in error, also plaintiff below, began an ordinary action against the defendants for the recovery of the amount due upon a promissory note alleged to have been executed and delivered by them. As a defense, it was pleaded in the answer that the note was given in part payment for a harvesting machine purchased prior thereto from the plaintiff upon a contract of warranty which had wholly failed; that the note was given upon the express contract of the plaintiff that the machine, which, it is alleged, was wholly disabled for harvesting purposes, would be by it repaired and put into condition to do the ordinary work of a harvesting machine of like kind, without expense to the defendant, and in case the machine did not do such work, plaintiff would take it back and surrender to the defendant the note so executed and delivered as aforesaid; that the plaintiff had wholly failed to perform its part of the contract and put the machine in working order, and that, because thereof, the defendant has been wholly unable to use the machine for cutting and binding grain, and that the consideration for which the note was given had wholly failed. The reply denied the allegations of affirmative matter alleged as a defense to the plaintiff's cause of action. This is the second appearance of the case in this court. ˙ The unreported opinion, dealing with the case on first appeal, is found under the same title as here given. 2 Neb. (Unof.) 507. The judgment of the lower court was there reversed and the cause remanded, for errors in the admission of evidence in support of allegations of damages which, it was held, were too remote, and could not properly be recovered for a breach of the contract pleaded in the answer. The cause was remanded for the purpose of trying

the issue raised by the interposition of the defense of which we have made mention. The law of the case is, in many respects, settled by the former opinion, and requires no further or extended consideration at this time. The issues tendered by the pleadings were largely those of fact to be submitted and determined by the jury as such. Although the pleadings were construed in the former opinion and held to be sufficient to support a judgment in favor of either party, it is yet urged by counsel for plaintiff in error that the answer does not state a good defense. This is upon the ground that, according to the allegations in the answer, if the machine was not made to do good work, it should be taken back by plaintiff and defendant's note surrendered; yet it is nowhere alleged that any notice was given to the plaintiff, or demand made for a return of the note, nor was there an offer to return the machine and rescind the contract. The allegation as to the notice and rescission of the contract is not, we think, essential in order to tender a valid defense, assuming the agreement to be as pleaded in the answer. The plaintiff undertook affirmatively, under the agreement, to repair the machine and put it in good working order, or to take it back and return the defendant's note. This it failed to do and, until it had complied with the terms of the agreement, it had no cause of action on the note, the consideration of which, because of its neglect and refusal to put the machine in good working order, had, by reason thereof, failed. It was not a question of rescission of contract, but of compliance with its terms on the part of the plaintiff, in order to entitle it to a recovery on the note sued on. The machine, which before had been purchased by the defendant, had, it was claimed by him, wholly failed to comply with the warranty, and was wholly disabled. To adjust the matter and bring about a settlement of the original contract of purchase, the old contract was superseded by the new, and by the terms of the latter agreement, as the principal consideration for the note, the machine was to be repaired so as to do the ord-

inary work of its kind. It was, in the language of the answer, wholly disabled for harvesting purposes, and the note was given on the express consideration that the plaintiff would repair it and put it in condition to do ordinary work of a grain harvesting machine of like kind, without expense to the defendant, and that, in case it did not do such work, plaintiff would take it back and surrender the defendant's note, which it had wholly failed and neglected to do. If the allegations be accepted as true, then the plaintiff, by its default, forfeited its right to recover the amount due on the note because of a failure of consideration. Under the pleadings, it was not incumbent on the defendant to return the machine or to give notice of the rescission of the contract. It was the duty of the plaintiff, before a recovery could be had on the note, to repair the machine so that it would do the work ordinarily done by machines of its kind.

It is also alleged in the answer that, at the time of giving the note sued on, and for the same consideration, and none other, another note was given for $30, due and payable before it appeared that the consideration for the contract had failed, which note was paid at its maturity, with interest, and a judgment was prayed against the plaintiff for the amount which had thus been paid under, and in pursuance of, the contract, and before it was known that its consideration had failed. Judgment went against the plaintiff for the sum thus prayed for. It is contended that the allegations in the answer are insufficient to support such a judgment. All the facts essential to show a right of recovery for money paid when the consideration therefor had failed are, we think, disclosed by the answer, and that it is, as was indirectly held in the first opinion, sufficient to support a money judgment for the amount so paid, should the jury find the issues in defendant's favor. The note was alleged to have been given for no other consideration than plaintiff's promise and agreement to repair the machine, and was paid before it was known that the consideration for the contract had failed, or would fail. It

can not be doubted the law is that a party who agrees to perform an act, and fails to keep his agreement, must pay compensation for all injuries that naturally and proximately result from the breach. So far as the present case is concerned, under the pleadings and the evidence as found by the jury, it is established as a verity that there is no other consideration for the $30 note given by the defendant than the agreement of the plaintiff to repair the machine, which it had wholly failed and neglected to do. The failure to perform that agreement operated as a failure of consideration for the money so paid. In such a case where one party has received money from another on a consideration which has failed, or where money has been paid which in equity and good conscience ought to be refunded, the party entitled thereto ordinarily is entitled to recover the money so paid, and interest from the time of payment, as and for money had and received. The pleadings complained of, and the evidence in support thereof, we regard as sufficient to support a recovery in favor of the defendant for the money paid on the note before the failure of consideration for such payment became apparent.

Much of the controversy is with respect to the authority of the agent of the plaintiff to make the agreement relied on as a defense. It is contended by the plaintiff that the agent was wholly without authority to bind it by such a contract, and that his authority was limited to that of collecting the notes given in the first instance for the machine, which, it is alleged, under the contract last entered into was to be repaired and put in working condition. Complaint is made of the court's instructions touching the question; its rulings on the admission of evidence relating to the same; and its refusal, at the close of the trial, to permit the plaintiff to amend its reply by alleging specifically want of authority on the part of the agent to make such an agreement. This question may, we think, be properly disposed of by calling attention to the fact that the plaintiff by taking and accepting the notes procured by its agent, and attempting to enforce their collection, would

not be permitted, on the one hand, to enforce that part of the agreement which was beneficial to it, and, at the same time, repudiate the authority of the agent as to that part which carried with it a duty and a burden. The acts of its agent must be accepted and ratified as a whole or repudiated in the same way. *Osborn Co. v. Jordan,* 52 Neb. 465. One will not be permitted to adopt that part of a contract, made by his agent, without antecedent authority, which is beneficial, and repudiate the remainder. He must either adopt the whole or none. *Martin v. Humphrey,* 58 Neb. 414. Not only is there evidence that the plaintiff at the time was advised of the nature of the agreement made by its agent, but since that time the evidence is conclusive on the point that it had accepted and ratified the acts of its agent, and based its right to recover from the defendant on the contract entered into by him. On the principle of the authorities cited, when attempting to enforce in one particular the contract made by its agent, it is clearly estopped from, at the same time, asserting want of authority on the part of such agent to enter into that part of the agreement which it regards as to its interest to disavow.

Some of the instructions given the jury are excepted to. An examination of these several instructions leads to the conclusion that they are as favorable to the plaintiff or more so, than it was entitled to ask.

The prime question at issue was one of fact as to whether the agreement was made between defendant and plaintiff's agent at the time of giving the notes sued on, and in the manner as alleged in the answer, and whether the plaintiff had neglected and refused to comply with those provisions which it was obligatory upon it to perform. This question was fairly submitted to the jury upon evidence more or less conflicting, and its findings thereon adverse to the plaintiff, under the well established rule in this jurisdiction, have become conclusive.

The plaintiff offered in evidence the original printed warranty given at the time the machine was first sold to the defendant. On objection, the evidence was excluded,

and error is sought to be predicated on the court's ruling thereon. The old contract having been superseded by the new one, the evidence was not pertinent to the issues presented by the pleadings. This was made manifest in the former opinion. It is agreed by all that the machine was warranted, when first sold, and the defense to the note sued on was predicated on the proposition that, because of the failure of the harvester to comply with the warranty and of its being at that time wholly disabled to perform the work for which it was constructed, the parties, in order to effect a settlement of the matter, executed the two notes mentioned in the pleadings, and delivered them to the plaintiff, for the consideration and upon the express agreement that the machine should be repaired by the plaintiff, without expense to defendant, and put in ordinary workable condition, and, if not, the machine was to be taken back and the notes surrendered. Its neglect and refusal to perform this part of the agreement, thus entered into, when established by the evidence, would, it would seem, result in a failure of consideration for the giving of the notes, and the defense would be complete, irrespective of the question of the terms of the original contract of sale and the accompanying printed warranty offered in evidance. We find no prejudicial error in the record. The judgment of the district court is therefore

AFFIRMED.