MARIE VASKO, APPELLANT, V. EDWARD W. HERMANSKY
ET AL., APPELLEES.

FILED DECEMBER 30, 1922. No. 22153.

1. **Bills and Notes:** FAILURE OF CONSIDERATION. In a case where
the consideration of the notes sued upon was the assignment of
a lease which the payee of said notes did not make, and was
unable to make, the consideration of the notes failed, and no
recovery can be had thereon.

2. **Appeal:** CONFLICTING EVIDENCE. When the evidence upon the
question in issue is substantially conflicting, the verdict of the
jury will not be disturbed as unsupported, unless upon the whole
record it is clearly wrong. *Held*, in this case, that the evidence
adduced was sufficient to sustain the decision of the trial court.

APPEAL from the district court for Douglas county:
CHARLES LESLIE, JUDGE. *Affirmed.*

*B. N. Robertson*, for appellant.

*Gray & Brumbaugh* and *John M. Macfarland*, contra.

Heard before MORRISSEY, C. J., DAY, FLANSBURG and
ROSE, JJ., SHEPHERD, District Judge.

SHEPHERD, District Judge.

This is an action on certain promissory notes for
$1,000. The defense was on plea of general denial, fraud
and failure of consideration. Upon the conclusion of the
trial, the cause was submitted to the court, which found
for the defendant. Only two assignments of error are
presented: The evidence is not sufficient to sustain the
judgment; the judgment is contrary to law. The appel-
lant was the plaintiff below, and the appellee the de-
fendant. They will be called plaintiff and defendant,
as there.

It seems that Joseph Vasko, Senior, and Joseph Vasko,
Junior, held a lease from Rome Miller on the Millard
Hotel, which they were in danger of forfeiting because
a car-load of beer had been found there. With the con-
sent of Miller, who feared that his hotel might be con-

demned, they assigned said lease to one John Chadek, the son-in-law of Joseph Vasko, Senior, who agreed to run it properly. Shortly afterward, while retaining their possession apparently as before, Joseph Vasko, Junior, entered into a contract with Edward W. Hermansky to operate the hotel as partners, and Vasko, Senior, made and delivered to the latter a bill of sale of his half interest in the business, including lease, two cash registers, an adding machine, two match machines, a stamp machine, a lot of silverware, and all stationery, coal, provisions and other things on hand. The consideration for this bill of sale was $1,000 in cash, which was paid down by Hermansky, and the three notes in suit, which were then executed and delivered. These three notes were soon after indorsed and delivered by said Vasko, Senior, to his wife, the plaintiff, Marie Vasko. A provision of the described bill of sale was as follows: "And it is further agreed that the second party (Hermansky) will release the first party (Vasko) from a certain lease to Mr. Rome Miller on the said above hotel building and certain contents." When Hermansky applied to have the lease made over to him, he found that it had been transferred to the said Chadek, and that Rome Miller would not permit it to be assigned to him, and would not recognize him as in any respect a lessee.

The plaintiff concedes the general application of the rule, so often declared by this court, that it will not upon review disturb the finding of fact of a jury or of the trial court, unless the same is obviously and unquestionably wrong; but his contention is that, because of the quoted provision of the bill of sale, and because of the transfer to the defendant of certain particular property which the plaintiff had a right to convey, i. e., the cash registers, the stamp machine, the two match machines, the adding machine, the silverware, stationery, coal and provisions, the decision of the district court was necessarily wrong and must so be adjudged as a matter of law.

The evidence was sufficient to establish that the plain-

tiff was not an innocent purchaser and *bona fide* holder of the notes in suit. And it was also sufficient to establish that Rome Miller and his agent and attorney, Macfarland, absolutely refused to permit the transfer of the lease to Hermansky. We must take these two questions as properly decided in favor of the defendant by the judgment of the lower court, though it was the contention of the plaintiff that, upon the interview in regard to obtaining the said transfer of said lease, Miller was willing to approve the same, provided that Vasko, Senior, was not released. There was conflicting evidence upon this point, and, following said well-known rule, this court will not disturb the finding of the trial court. We must also find upon the same ground that Joseph Vasko, Senior, had no interest in the described lease to convey, for two reasons: First, because he had transferred the same to his son-in-law, Chadek; and, secondly, because by the terms of the lease no transfer of his interest could be made without the consent of the lessor, Rome Miller, which the latter refused to give. This being the case, and considering the matter in the light of the surrounding circumstances and in connection with the situation of the parties and what they did in the transaction, we are inclined to construe the quoted language of the lease as no more than an agreement on the part of the defendant to stand between Miller and said Joseph Vasko, Senior, and hold the latter harmless from further liability on the lease. Such being our interpretation, the law cited by the plaintiff may be conceded without reversal of the judgment.

A more serious point is the contention of the plaintiff that the defendant received some consideration apart from the lease in the articles conveyed to him as above enumerated. By the terms of the above mentioned bill of sale Vasko, Senior, was conveying to him, not only his half interest in the lease, but his half interest in said enumerated articles. It is not clear from the record what disposition was made of said personal property. So far

as can be ascertained, it remained in the hotel where it was at the time that the bill of sale was made, and it continued to be used in the conduct of the hotel, as then and before. Nor does it appear that it was ever removed therefrom or that the defendant ever reduced it to his manual possession. It is true that, following the execution of said bill of sale, the hotel was operated under the name of Vasko & Hermansky, Hermansky being represented in its management by a John F. Kroupa who worked along with Joseph Vasko, Junior, in looking after the same. Hermansky was occupied with the conduct of his own drug business in one of the storerooms of the building; and seems to have let things drift along until about two months after the execution of the said bill of sale, when matters came to a climax by the refusal of Miller to permit the assignment of the lease. Then, not being able to obtain said assignment, he called the deal off and demanded the return of his notes.

Not only does he testify that he could not get an assignment of the lease, but he also swears positively that he never received any consideration whatever for the notes or for the $1,000 in cash which he paid at the time that he executed the same. In any event, it is quite certain that the value of a one-half interest in the enumerated articles of personal property was well within the $1,000 which he paid. Considering these facts and circumstances, we cannot say that the district court was not justified in finding from the evidence that the entire consideration of the notes was the transfer of the lease in question, and that, not receiving the agreed assignment of the lease, the consideration of the notes failed *in toto*.

If the consideration of a note fails, no recovery can be had upon said note by the payee thereof or by his indorsee, unless such indorsee be an innocent and *bona fide* holder. *Warder, Bushnell & Glessner Co. v. Myers*, 70 Neb. 15; *Johnson v. Chilson*, 29 Neb. 301; *Newton Wagon Co. v. Diers*, 10 Neb. 284.

There was sufficient evidence from which the trial court might properly find, as it evidently did, in favor of the defendant on all the points raised. And where there is sufficient evidence to sustain the verdict of the trial court, this court will not undertake to reverse its judgment, unless the same is manifestly wrong.

AFFIRMED.