Lamb v. Hotchkiss.

WILLIAM LAMB, PLAINTIFF IN ERROR, V. CHARLES
HOTCHKISS, DEFENDANT IN ERROR.

**Verdict not against evidence :** JUDGMENT AFFIRMED. In
the case made, *Held*, That the court having submitted the only
question involved to the jury by a fair instruction, and there
being evidence to sustain the verdict, and not the clear prepon-
derance of evidence against it as might justify a reversal, the
judgment must be affirmed.

ERROR to the district court for Jefferson county. Tried
below before WEAVER, J.

*Colby, Hazlett & Bates,* for plaintiff in error.

*Boyle & Lindley,* for defendant in error.

COBB, J.

This action was brought by the plaintiff in the court be-
low for the price of certain flour delivered by him to the
defendant, as is alleged by said plaintiff, in payment of a
certain note and mortgage made and executed by R. A. &
P. H. Hotchkiss to one John J. Dunbar, but then owned
by and in the possession of said defendant. But that after
the delivery of said flour to the said defendant, he refused
to credit the amount thereof on the said note and mort-
gage, and it appeared that he had sold and assigned the
same to one John Ellis, who being about to foreclose the
said mortgage, the plaintiff, for the protection of the said
R. A. & P. H. Hotchkiss, paid off the same, etc.

The defendant answered, admitting the receipt of the
flour at the price set out in plaintiff's petition, but denying
that he received the same to apply on the said note and
mortgage, and alleging that the same was paid and deliv-
ered by the said plaintiff, and received by him, the said
defendant, to apply on a certain note given by R. A. Hotch-
kiss to John J. Dunbar, and then owned by and in the

possession of him, the said defendant, and that the price of said flour was by him duly credited on the said note. Plaintiff by his reply denied the same, and alleged that the said last-mentioned note had been fully paid by the said R. A. Hotchkiss, while in the hands of the said John J. Dunbar. The plaintiff had a verdict and judgment, and defendant brings the cause to this court on error.

The first point made by plaintiff in error is, that the court erred in refusing to give the second paragraph of the instruction asked by the defendant, etc., as follows: "The agent who was intrusted with the possession of the flour, with power to sell it, carried with it the power to sell the flour, and have the purchase price endorsed on the note in question; and if you should find that at the time the flour was sold it was agreed between the defendant and the agent—this plaintiff—that the purchase price of the flour was to be indorsed on the note on which the indorsement was in fact made, then you will find for the defendant."

The depositions of R. A. Hotchkiss and Preston Hotchkiss were taken and introduced on the part of the plaintiff below. Before they were introduced, the defendant moved to suppress the answers to several of the interrogatories, which motions were sustained as to most of them, and overruled as to some; but in most cases where they were overruled no exception was saved. The record as to this part of the case is quite imperfect, rendering it difficult to apply the defendant's objections and exceptions. We think, however, that the court excluded all of those portions of the depositions which, if admitted in evidence, may have rendered the above instruction proper and applicable.

The question of agency, however, does not properly enter into the consideration of the case. The whole case turns on the simple question of fact, which note was the flour delivered on—the note of the firm or the note of one of the individual partners? And this question was quite

fairly submitted to the jury by the following instructions: "If you shall find from the evidence that by the agreement of the parties to this suit the contract price of the flour was to have been endorsed on the note secured by mortgage, then you will find for the plaintiff for the full contract price of the flour, delivered by the plaintiff to the defendant, together with interest on that amount from the time the same was to have been endorsed on the said note up to the present time, at seven per cent per annum.

" 2.    But on the other hand, if you shall find from the evidence that it was agreed, between the parties to this suit, that the price of the flour was to have been indorsed on the individual note of R. A. Hotchkiss, and that said indorsement was accordingly made, then you will find for the defendant."

As the main question in the case was fairly submitted by these instructions, we do not think that it was error on the part of the court to refuse the instructions prayed for by the defendant, but that such instruction would have had a tendency to mislead and confuse the jury.

The court also gave the following instruction, the giving of which is made the second point in the brief of plaintiff in error.

"4.    If you shall find from the evidence that the defendant, Lamb, did not come into the ownership and possession of the R. A. Hotchkiss note until after it was due, then any payment made to Dunbar on the note, whether indorsed or not, would be applied in the payment of the said note, and then even if you find the proceeds of the flour were to be applied on this note you could not apply any more than enough to satisfy the balance due on the note, and any balance due on the flour would be coming to the plaintiff."

The objection urged to this instruction is, that it was not founded on any evidence. Instructions ought to be confined to the evidence in the case and the law applicable thereto, but this court has held in an early case that, if an

erroneous charge be given to the jury on an abstract proposition, or on a point entirely out of any case made by the evidence, and the verdict can be supported by the proof made, the judgment will not be reversed. *Meredith v. Kennard*, 1 Neb., 312. The case at bar is an apt one for the application of the law there laid down. Here the court told the jury that should they find that the proceeds of the flour were to be applied on the R. A. Hotchkiss note, etc., leaving no application of that instruction in the event of their finding otherwise. It is apparent from the verdict that the jury did not find that the proceeds of the flour were to be applied on the R. A. Hotchkiss note. But the writer does not think that there is an entire want of evidence as to whether the defendant became the owner and possessor of the R. A. Hotchkiss note before or after the same became due. The note itself, which was introduced as evidence by the defendant, shows on its face that it became due on the first day of May, 1877. The defendant in his deposition says: "In the year 1877 or 1878 I purchased two notes of John Dunbar, one of them for $368, dated July 3, 1876, and due May 1, 1877, signed by R. A. Hotchkiss," etc. Here defendant says that he bought this note in the year 1877 or 1878. If in 1878 or the later two-thirds of 1877, it was after the note became due. A statement made by a party, or an interested witness, should, if subject to construction, be construed against his interest. This statement of the defendant, though slight, is some evidence that the note was purchased by defendant after due, and sufficient, I think, for the purpose of the instruction under consideration.

The third point made by plaintiff in error is upon the admission of testimony in the deposition of R. A. Hotchkiss as to payments made on the said note while in the hands of John J. Dunbar. As we have seen, there was some evidence proper to be considered by the jury tending to prove that the note was not transferred to the defendant

until after due.    So, the objection to the admission of the deposition on that account must be held not well taken.

The fourth point is upon the admission of the answers of R. A. Hotchkiss to interrogatories propounded to him in his deposition as to the authority of the plaintiff to pay or deliver flour, etc.    As above stated, while examining the first point of error, the record does not point out with any degree of clearness what portions of the depositions were suppressed and what portion admitted in evidence to the jury; but, as we understand the record, all of that part of the depositions to which this objection would apply were suppressed, and not admitted in evidence to the jury.

The fifth and last point is that "the court erred in over-ruling the defendant's motion for a new trial, as the verdict of the jury was contrary to the law and the evidence, and not sustained by sufficient evidence."

There is a clear and sharply defined conflict of testimony, but having carefully examined it and given it such consideration as we are able to, we do not think that there is that clear preponderance which alone would justify the court in disturbing the verdict for that cause.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.