Jolly v. State.

JOHN F. JOLLY v. STATE OF NEBRASKA.

FILED FEBRUARY 19, 1895.    No. 5631.

1. Instructions: FAILURE TO NUMBER: EXCEPTIONS: REVIEW. The failure of the trial court to number the different paragraphs of the charge to the jury, or to write the word "given" on the margin of each instruction, as required by the statute, cannot be relied upon in this court for a reversal of the judgment where no objection was specifically taken on that ground in the trial court at the time the charge was given.

2. Limitation of Actions: CRIMINAL LAW. A prosecution for a misdemeanor, where the penalty fixed by statute is restricted to a fine of not exceeding $100 and to imprisonment not exceeding three months, must be instituted within one year from the time such offense was committed.

3. Criminal Law: ASSAULT AND BATTERY: STATUTE OF LIMITATIONS. On the trial of a prosecution for an assault and battery it is error for the court to charge the jury that it was sufficient if they found the offense was committed within eighteen months prior to the filing of the complaint.

4. ———: ———: ———: HARMLESS ERROR IN INSTRUCTIONS. The giving of such instruction is error without prejudice, where the undisputed evidence discloses that the act charged was committed less than a year prior to the filing of the complaint.

5. **Review:** INSTRUCTIONS: ASSIGNMENTS OF ERROR. Instructions of which no complaint is made in the motion for a new trial, or in the petition in error, will not be reviewed in this court.

ERROR to the district court for Burt county. Tried below before SCOTT, J.

*H. Wade Gillis,* for plaintiff in error.

*George H. Hastings, Attorney General, contra.*

NORVAL, C. J.

The plaintiff in error was convicted before a justice of the peace of an assault and battery. He thereupon appealed to the district court, where, on a trial to a jury, he was found guilty of an assault, and was sentenced to pay a fine of $100 and costs of suit.

The first error assigned is the failure of the court to number the different paragraphs of the charge to the jury, and to write the word "given" on the margin of each instruction, as required by the statute. No exception was taken on the grounds stated when the instructions were read, hence the point is not available in this court. (*Gibson v. Sullivan,* 18 Neb., 558; *Omaha & Florence Land & Trust Co. v. Hansen,* 32 Neb., 449; *City of Chadron v. Glover,* 43 Neb., 732.)

It is next contended that the court erred in charging the jury that it was sufficient if they found the offense was committed within eighteen months prior to the date of the filing of the complaint. The contention of his counsel is that the statute of limitations runs against this offense in twelve months from the time the same was committed. Section 256 of the Criminal Code, relating to the limitation of criminal prosecutions, provides: "No person or persons shall be prosecuted for any felony (treason, murder, arson, and forgery excepted), unless the indictment for the

same shall be found by a grand jury, within three years next after the offense shall have been done or committed. Nor shall any person be prosecuted, tried, or punished for any misdemeanor, or other indictable offense below the grade of felony, or for any fine or forfeiture under any penal statute, unless the indictment, information, or action for the same shall be found or instituted within one year and six months from the time of committing the offense, or incurring the fine or forfeiture, or within one year for any offense, the punishment of which is restricted by a fine not exceeding one hundred dollars, and to imprisonment not exceeding three months," etc.    It will be observed that a prosecution for any offense denominated a misdemeanor, where the penalty prescribed by the statute is restricted to a fine of not exceeding $100 and to imprisonment not exceeding three months, must be brought within one year from the time the offense was committed.    As to all other misdemeanors, the statute of limitations is eighteen months. The statute (section 17 of the Criminal Code) fixes the penalty for an unlawful assault, or an assault and battery, at a fine not exceeding $100, or imprisonment in the county jail not exceeding three months.    The instruction of the court was, therefore, erroneous, but the plaintiff in error was not prejudiced thereby.    The record discloses that the complaint in this case was filed in the justice's court on the 8th day of June, 1891, and the undisputed testimony shows that the offense with which the plaintiff in error stands charged was committed on the 29th day of May, 1891, the date laid in the complaint.    Had there been any evidence tending to show that the assault was committed more than a year prior to the filing of the complaint, then the error in the instruction would have been fatal; but as there was no such evidence given, no prejudice to the accused is shown. It has often been decided that a civil cause will not be reversed for the giving of an erroneous instruction where the party complaining could not possibly have

been prejudiced thereby. (*Converse v. Meyer*, 14 Neb., 190; *Knowlton v. Mandeville*, 20 Neb., 59; *Lamb v. Hotchkiss*, 14 Neb., 102; *O'Hara v. Wells*, 14 Neb., 403.) No good reason can be suggested why the same rule should not apply to criminal prosecutions.

Objection is made in the brief filed of the following instruction given by the court on its own motion: "If you find from the evidence in the case, and beyond a reasonable doubt, that defendant did strike said John Bennett as charged in the information, and that before the lick was given by defendant he moved out of his way in order to be within striking distance of and so he could strike said Bennett, he is guilty." The giving of this instruction was not complained of, either in a motion for a new trial or in the petition in error, hence we cannot review the same. From a careful perusal of the evidence contained in the bill of exceptions we are satisfied that it is sufficient to sustain the verdict. The judgment is

AFFIRMED.