HOME FIRE INSURANCE COMPANY OF OMAHA V. HENRY T. DECKER.

FILED JUNE 9, 1898. No. 8173.

1. **Trial: OPENING AND CLOSING: CHANGE OF THEORY: NEW TRIAL.** A party who has induced the court to permit him to open and close the trial by representing that there was only one issue of fact for decision cannot, after an adverse verdict, recede from his position and obtain a new trial on the ground that there were other questions of fact which should have been submitted to the jury.

2. **Pleading: DEFENSES.** A defendant may plead as many grounds of defense as he may have, provided they are not so repugnant that if one be true another must be false.

3. **Insurance: INCONSISTENT DEFENSES.** An answer in an action on a contract of insurance which alleges a failure to furnish proofs of loss and that the plaintiff caused the premises to be burned does not present inconsistent defenses.

4. **Evidence: INSTRUCTIONS.** An instruction admonishing the jury to consider the evidence of an accomplice "with great care and caution," without giving them a definition of that phrase, is not erroneous.

5. **Instruction: OFFER.** The giving of an instruction which states a correct and pertinent proposition of law is not error, and a party who complains that such instruction lacks explicitness should himself formulate and tender a better one.

6. **Failure to Mark Instruction "Given": HARMLESS ERROR.** The failure to write the word "given" on an instruction read to the jury is not sufficient grounds for reversing a judgment when such failure was not prejudicial to the losing party.

7. **Conflicting Evidence: REVIEW.** Where the verdict is the result of substantially conflicting testimony, a judgment based thereon will not be reversed on the ground that the evidence is insufficient.

ERROR from the district court of Saline county. Tried below before HASTINGS, J. *Affirmed.*

*B. G. Burbank* and *Jacob Fawcett,* for plaintiff in error.

*E. E. McGintie* and *Hastings & Sands, contra.*

SULLIVAN, J.

On April 19, 1892, the Home Fire Insurance Company of Omaha issued a policy of fire insurance to Henry T. Decker covering an opera house situated in the village of Dorchester, in Saline county. In August of the same year the building was completely destroyed by fire. The company declined to adjust the loss, and this action was thereupon commenced to recover the amount for which the policy was issued. The petition admitted that the proofs of loss had not been furnished as required by the contract, but alleged that the condition in relation thereto had been waived. The company filed its answer, in the first paragraph of which it denied generally the allegations of the petition. In the second paragraph it alleged that the plaintiff had not complied with the conditions of the policy of insurance respecting notice and proofs of loss, and in the third paragraph alleged that proofs of loss were not furnished within sixty days of the date of loss as required by the conditions of the policy; also, that certain papers designated "proofs of loss" were furnished the company January 31, 1893, but less than sixty days previous to the commencement of the action on the policy. Upon these issues a trial was had which resulted in a verdict and judgment for the plaintiff. Afterwards a new trial was granted on the ground of newly-discovered evidence. The company then filed an amended and substituted answer, setting up, in addition to the allegations in its former answer, a fourth paragraph in which it alleged that the plaintiff, in violation of the conditions and agreements contained in the policy, caused the building to be burned by one S. M. Venard for the purpose of defrauding the defendant.

Before entering on the trial of the cause plaintiff filed a motion to require the defendant to elect upon which of the defenses contained in its answer it would proceed to trial, asserting that the defenses pleaded were inconsistent, and, also, that the new trial was granted only for the purpose of obtaining a decision upon the matters alleged in the fourth paragraph of the answer. What order, if any, was made upon this motion is not disclosed by the record, but it does appear that after the motion was filed the defendant, protesting and excepting, elected to abide by the defenses pleaded in the first and fourth paragraphs of the answer. The case was then tried to a jury and the trial resulted in a verdict and judgment for the plaintiff. The defendant brings the case here for review on error and insists that there are five good and sufficient reasons why the judgment of the district court should be reversed. We proceed to examine these reasons in the order of their presentation.

It is first argued that the court erred in forcing the defendant to an election of defenses because the defenses pleaded were not inconsistent. We entirely agree with counsel that the several grounds of defense stated in the answer were not inconsistent. The proof of one would have no tendency whatever to disprove either of the others. A defendant may, under our system of pleading, allege as many grounds of defense as he may have, subject only to the condition, implied from the requirement in regard to verification, that such defenses shall not be so repugnant that if one be true the other must be false. (*Blodgett v. McMurtry*, 39 Neb. 210; *Citizens Bank v. Closson*, 29 O. St. 78; *Pavey v. Pavey*, 30 O. St. 600; *Nelson v. Brodhack*, 44 Mo. 596; *McAdow v. Ross*, 53 Mo. 199.) But, as already stated, the record does not show that the court made the order of which defendant complains. Assuming, however, that such an order was made, wherein was the defendant prejudiced by it? It abandoned, it is true, the defense grounded on the alleged failure to furnish proofs of loss, but that defense presented no issue for trial. The plaintiff in his petition admitted that he had

not furnished the proofs of loss and attempted to excuse his failure in that regard by pleading a waiver on the part of the company. The issue raised by the second and third paragraphs of the answer was, therefore, immaterial and the defendant sacrificed nothing by abandoning them. Counsel for defendant, however, contend that there is no proof in the record to sustain the plea of waiver and cite *German Ins. Co. v. Fairbank*, 32 Neb. 750; and *German Ins. Co. v. Davis*, 40 Neb. 700 in support of the proposition that such proof was necessary. It is true that no evidence was offered to establish a waiver, but it appears that after the jury had been sworn to try the cause counsel for defendant asked to be allowed to take the affirmative in the trial, stating "that under the ruling of the court requiring defendant to elect the issue to be submitted to the jury, and the only issue, is the fraudulent loss by procuring the property to be burned." The court then granted the request of counsel and the defendant was permitted to open and close the case. It cannot now change its theory. Having obtained an advantage by representing to the court that the issue presented by the fourth paragraph of the answer was the only one for trial, it cannot now be permitted to recede from its position and secure a reversal of the judgment by insisting that its representation was false.

It is next contended that the court erred in giving the following instruction: "One of the witnesses in this case is S. M. Venard, who says that he set fire which consumed the building in question herein; he being an accomplice in this act from his own testimony. A jury should always act upon such testimony with great care and caution." The criticism on this instruction is that it fails to inform the jury what would constitute "great care and caution." It was not necessary that it should. The rule was stated with clearness and legal precision, and if counsel for the defendant were not satisfied with it they should have formulated a better instruction and requested that it be given. (*Burlington & M. R. R. Co. v.*

*Schluntz*, 14 Neb. 421; *Woodruff v. White*, 25 Neb. 745; *Klosterman v. Olcott*, 25 Neb. 382.) But it may well be doubted whether any attempted elaboration would not have tended to obscure rather than elucidate the matter.

Another ground of alleged error is that the trial court failed to number the first instruction, and did not write the word "given" upon the first and second instructions requested by the plaintiff. From this oversight on the part of the court no possible prejudice could have resulted to the defendant and it affords no sufficient reason for reversing the judgment. Speaking upon this subject in the case of *Omaha & Florence Land & Trust Co. v. Hansen*, 32 Neb. 449, Maxwell, J., said: "While it is the duty of the court to observe the law, yet, where it is apparent that no injury has resulted to the adverse party from a failure to comply with the statute, a case in which this was the only error would not be reversed for that cause alone. In other words, the omission must be prejudicial to the party complaining to justify the reversal of the judgment."

It is finally insisted that the verdict is not sustained by sufficient evidence. There is much evidence tending to prove that Decker had strong motives for desiring the destruction of the opera house by fire, and there is positive testimony from the witness Venard that he set the building on fire at Decker's instigation. Another witness testified that he heard a conversation between Decker and Venard in which the latter agreed for a consideration to burn the building. The testimony of this witness as well as that of Venard was positively denied by Decker. We would be better satisfied with the verdict had it been for the defendant, but it is supported by competent evidence and we cannot set it aside. Of the questions of fact the jury were legally constituted arbiters, whose decision we are not authorized to annul because, on the same evidence, it is probable we would, as triers, have reached a different conclusion. The judgment is

                             AFFIRMED.