URIAH H. MALICK v. STATE OF NEBRASKA.

FILED OCTOBER 5, 1918. No. 20564.

1. Criminal Law: INSTRUCTION: HARMLESS ERROR. An instruction authorizing the jury to convict the defendant for a sale of intoxicants made at any time within eighteen months prior to the filing of the information, when the law under which the prosecution was maintained had been in force only a little more than six months prior to that time, was improper; but, as the only evidence given against the defendant was of a sale made a little more than a month after the law was in force, the error was without prejudice and immaterial.

2. Intoxicating Liquors: QUESTION FOR JURY. Under the evidence, the question as to whether the liquor described in the information was intoxicating was a question for the jury.

ERROR to the district court for Franklin county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*George W. Prather,* for plaintiff in error.

*Willis E. Reed, Attorney General,* and *Orville L. Jones, contra.*

DEAN, J.

In the district court for Franklin county Uriah H. Malick was convicted under chapter 187, Laws 1917, of selling "intoxicating liquors, to wit, Hostetter's Bitters" to Carl Dunn, on or about June 16, 1917. From a fine of $100 and costs, defendant prosecutes error to this court.

Defendant says the verdict is not supported by the evidence, and that the court erred in giving instructions numbered 3 and 5. Instruction 5 informs the jury that to convict defendant it must appear: "That he sold Hostetter's Bitters to Carl Dunn; * * * that said Hostetter's Bitters was intoxicating; (3) that it was sold and used as a beverage, or that it was capable or fit for use as a beverage; (4) that said offense was

committed in Franklin county, Nebraska, at any time within 18 months prior to the filing of the information in this case, which information was filed on the 12th day of November, 1917." He points out that the act became effective May 1, 1917, and that the instruction is misleading because it informed the jury that defendant could be lawfully convicted for selling to Dunn before the act became effective, namely, at "any time within 18 months prior to　*　*　*　the 12th day of November 1917."

Elsewhere in his brief defendant says: "The only witness that testified or attempted to testify to any sale of Hostetter's Bitters, or any other kind of liquor, to Carl Dunn or any other person, by the plaintiff in error was Carl Dunn." On this point Dunn testified that he bought a bottle of the bitters from the defendant on June 16, 1917, the date charged in the information, and that he drank it on the same day. If that is true, the sale was a little more than a month after the prohibitory law (Laws 1917, ch. 187) became operative, namely, May 1, 1917, so that if Dunn is to be believed on that point, and evidently the jury believed him, the offense, so far as the sale was concerned, was complete when Dunn made the purchase. There was also sufficient testimony to submit to the jury the question as to whether Carl Dunn drank any other liquor or was intoxicated on June 16. Dunn said he never at any other time bought Hostetter's Bitters from defendant, and defendant denied that he ever sold Hostetter's Bitters to Dunn. As to the sale, the jury apparently accepted Dunn's testimony and rejected that of the defendant. A different question would have arisen if there had been evidence to show that defendant sold the bitters to Dunn both before and after May 1. It is apparent that defendant was not convicted for selling to Dunn before the prohibitory act became effective, and therefore error cannot be pred-

icated on the giving of instruction numbered 5. From the fact that the only evidence of a sale was subsequent to the taking effect of the act, the error was without prejudice and therefore immaterial. *Jolly v. State,* 43 Neb. 857; *Monroe v. City of Lawrence,* 44 Kan. 607; *Hofheintz v. State,* 45 Tex. Cr. Rep. 117; *State v. Huff,* 76 Ia. 200.

Respecting the question whether the bitters was an intoxicant and whether it was used as a beverage, the evidence was conflicting and unsatisfactory. There was nothing to show the ingredients of which the liquor was composed except that there was some testimony to the effect that it contained 25 per cent. of alcohol, and some to show that it had no more alcohol than was sufficient to hold certain ingredients in solution. What the ingredients are does not appear. But for the purpose of the present case there is sufficient evidence to support the charge of the information and the verdict of the jury.

No reversible error appearing in the record, the judgment is

AFFIRMED.