ERLE O. ROBBINS, PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.

12 N. W. 2d 152

FILED DECEMBER 10, 1943.   No. 31622.

*Thomas E. Dunbar,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Rush C. Clarke, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

MESSMORE, J.

The plaintiff in error was prosecuted under an informa-

tion containing three counts. Three separate forms of verdict were submitted to the jury, the jury returning a verdict of guilty on each of the three counts. Plaintiff in error was sentenced to three to five years' imprisonment on each count, the sentence to run concurrently. From judgment on the verdict and overruling of the motion for a new trial, the plaintiff in error (hereinafter referred to as defendant) brings the case to this court for review.

The information, in substance, is as follows: On or about May 5, 1941, the defendant unlawfully and feloniously did negotiate for sale, assignment, transfer and exchange of certain securities to one Essie V. McDowell, a person residing in the state of Nebraska, and not a dealer in such securities, being known as "Mid-Continent Cary Trust Units," which securities were and are not specifically exempt from the provisions of sections 81-5436 to 81-5475, Comp. St. Supp. 1939, without authority from the department of banking of the state of Nebraska, as provided by law, contrary to the form of the statutes. The second count is the same as the first, but covers the transfer of certain securities to one Fern Perkins. The third count is that the defendant then and there did sell, exchange, offer for sale and exchange certain securities known as the "Mid-Continent Cary Trust Units" and engaged in the business of selling, exchanging and offering for sale and exchange securities without having secured from the department of banking of the state of Nebraska permits to do business as a broker, as required by article 54, ch. 81, Comp. St. Supp. 1939, contrary to the form of the statutes. The defendant contends that the verdict is not sustained by sufficient evidence as to counts one and two.

Section 81-5440, Comp. St. Supp. 1941, in so far as the first two counts need be considered, exempts securities outstanding and in the hands of the public for a period of not less than five years.

Section 81-5441, Comp. St. Supp. 1941, provides, in substance, that in a criminal case, where any person relies for his defense upon any of the exemptions provided, the bur-

den of proof to establish such exemption is on such person.

In this connection, the defendant offered the evidence, by deposition duly and properly taken, of one V. H. Van Horn, assistant secretary and treasurer of Mid-Continent Cary Trust, Tulsa, Oklahoma. This testimony discloses that the company had outstanding and in the hands of the public since August 1, 1935, 3,860 units, having a stated public sales price of $100 each, and that the complete issue was outstanding and in the hands of the public for a period of over five years; that the first unit was sold August 1, 1935, and the last unit November 21, 1935, and the sale of the last unit completed the sale of all the units in the trust. The witness stated: "Mid-Continent Cary Trust units have never been listed on any registered stock exchange. The original issue was sold by registered over-the-counter dealers and all subsequent dealings between members of the public have been through over-the-counter dealers." There was no evidence *contra* to this offered by the state. The defendant established that the securities described in the information were exempt from the operation of the security law. The convictions on counts one and two are set aside.

Count three was properly proved by the state, and a review of the evidence fully discloses the defendant's failure to comply with the provisions of article 54, ch. 81, Comp. St. Supp. 1941. The conviction on count three is affirmed.

We have searched the record in vain to discover any misconduct on the part of the state's attorney or the trial judge which in any way constitutes prejudicial error.

Objection is made that the trial court marked "Given" on certain instructions which were, in fact, not given. The instructions were peremptory instructions to find the defendant not guilty on all three counts and were offered by defendant's counsel. At most it was a slip of the pen, and the trial judge no doubt intended to write "Refused." The failure of the trial judge to write the word "Refused" on the margin of an instruction requested by defendant is not ground for reversal, where such failure is not prejudicial. See *City of Chadron v. Glover*, 43 Neb. 732, 62 N. W. 62;

*Jolly v. State*, 43 Neb. 857, 62 N. W. 300; *Home Fire Ins. Co. v. Decker*, 55 Neb. 346, 75 N. W. 841; *McClellan v. Hein*, 56 Neb. 600, 77 N. W. 120; *Clasen v. Pruhs*, 69 Neb. 278, 95 N. W. 640.

We conclude that the first two counts of the information should be dismissed; that the conviction should stand on the third count of the information, and that the sentence of three to five years should be sustained.

JUDGMENT ACCORDINGLY.